James W. CATALINA and Sheryl
D. Catalina d/b/a Catalina
Leasings, Petitioners,

v.

William J. BLASDEL d/b/a Casey's
Cars, Respondent.

No. D–4160.

Supreme Court of Texas.

Argued Dec. 15, 1993.

Decided June 2, 1994.

Rehearing Overruled Sept. 8, 1994.

Mitchell J. Buchman, Houston, for petitioners.

Marcus E. Faubion, Houston, for respondent.

Justice GAMMAGE delivered the opinion of the Court, in which all Justices join.

This is a usury lawsuit. The issue in this case is whether there was some evidence in the record to support the trial court's finding that the agreement involved here was not usurious. William J. Blasdel and James W. Catalina entered into a floor plan agreement whereby Catalina Leasings financed the purchase of used cars for Blasdel's used car lot. Blasdel withdrew from the agreement after four months and subsequently sued Catalina for charging a usurious rate of interest.[1] After a bench trial, the trial court rendered judgment that the plaintiff take nothing. Based on its holding that usury does not require an absolute obligation to repay principal, the court of appeals reversed the trial court's judgment. 858 S.W.2d 653. We reverse the judgment of the court of appeals.

The trial court found—and Blasdel does not challenge the finding—that the written contract contained the complete agreement of the parties. Under the agreement, either Blasdel or Catalina could purchase used cars for Blasdel's inventory and pay for the cars by envelope drafts drawn on Catalina's bank account. Catalina would inspect the titles, pay the draft amounts, and hold the titles until Blasdel sold the vehicles. The agreement required Blasdel, upon sale, to pay Catalina for the amount of the draft, floor plan fees, a ten dollar draft charge, and, in some cases, a twenty-five dollar finder's fee. The floor plan fees were sixty dollars for vehicles purchased for under five hundred dollars, and ten percent of the purchase price for vehicles costing more than five hundred dollars. The agreement required Blasdel to pay an initial floor plan fee for the first thirty days that a vehicle remained on the lot. If the car remained on the lot for longer than thirty days, Blasdel had to pay a second floor plan fee, due at the end of the second thirty day period.

If a car remained unsold after sixty days, Blasdel had to pay Catalina one-half of the principal amount, plus a third floor plan fee. If a vehicle was sold, lost, or stolen, Blasdel was to pay the principal and any fees not already paid. Repayment of the purchase price was therefore contingent. The agreement did not provide for repayment of the unpaid principal in the event that a car remained on the lot after sixty days. Under the contract, both Catalina and Blasdel could buy cars for the lot, and the business records show that Catalina bought most of the cars for sale on the lot.

The record also shows that Blasdel sold the cars, usually in a matter of weeks, frequently at twice the purchase price. The contract permitted either party to cancel the arrangement on ten days notice. The contract was silent on whether Blasdel had an absolute obligation to repay if he cancelled.

Blasdel and Catalina purchased thirty-five cars and trucks under the floor plan agreement. Four months after entering the agreement, Blasdel terminated it. Blasdel subsequently sued Catalina for charging usurious interest rates.

The trial court found that the agreement was not a usurious transaction. Usury, where not apparent from the face of the instrument, is a question of fact. *See Greever v. Persky*, 140 Tex. 64, 165 S.W.2d 709, 712 (Tex.1942); *Dryden v. City Nat'l Bank of Laredo*, 666 S.W.2d 213, 216 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). The trial court found that the agreement did not contain an absolute obligation that the principal be repaid and that the agreement was not usurious.[2] To prevail on appeal, Blasdel must show that the evidence establishes as a matter of law that the transaction was substantively usurious. *See, e.g., Gonzales County Savings and Loan Ass'n v. Freeman*, 534 S.W.2d 903, 906 (Tex.1976). It follows that Blasdel cannot prevail if there is any evidence inconsistent with or contrary to his

---

1. Tex.Rev.Civ.Stat.Ann. art. 5069–1.06 (Vernon 1987).

2. The trial court expressly stated as a finding of fact that Blasdel did not have an absolute obligation to repay the amount advanced. The trial court stated as a conclusion of law that the

transaction was not usurious. We construe the finding that Blasdel did not have an absolute obligation to repay as an evidentiary fact supporting the ultimate fact question of whether this transaction was usurious. *See* Tex.R.Civ.P. 299.

factual contention that the transaction was in fact a loan disguised as a device to evade the usury laws.

■■■ A trial court's findings are reviewable for legal and factual sufficiency of the evidence by the same standards that are applied in reviewing evidence supporting a jury's answer. *Southern States Transp., Inc. v. State,* 774 S.W.2d 639, 640 (Tex.1989). In reviewing a "no evidence" point of error, a reviewing court may consider only the evidence and inferences that tend to support challenged findings and will disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio,* 752 S.W.2d 518, 522 (Tex.1988). If there is more than a scintilla of evidence to support the findings, the "no evidence" challenge cannot be sustained. *Stafford v. Stafford,* 726 S.W.2d 14, 16 (Tex. 1987). The court of appeals did not purport to perform this analysis, but simply stated its disagreement with the trial court.

■■■ There is ample evidence supporting the trial court's conclusion that the transaction was not usurious. A factor that courts consider when determining usury is whether repayment was based on a contingency. *See Holley v. Watts,* 629 S.W.2d 694, 696 (Tex. 1982)[3]; *Bexar County Ice Cream Co. v. Swensen's Ice Cream, Inc.,* 859 S.W.2d 402, 407 (Tex.App.—San Antonio 1993, writ denied). This factor is important because it helps a court in determining whether a transaction was a loan or an investment in the business. *See Beavers v. Taylor,* 434 S.W.2d 230, 231 (Tex.Civ.App.—Waco 1968, writ ref'd n.r.e.).

The trial court determined that repayment of the amount advanced was contingent upon sale of the automobiles. There is evidence supporting this finding. In addition, the fact that both Blasdel and Catalina could buy cars for the lot is evidence that the parties contemplated a type of joint undertaking in which Catalina provided the capital. Because there is evidence supporting the findings and judgment of the trial court, we reverse the judgment of the court of appeals

and remand to that court for consideration, consistent with this opinion, of points not previously addressed.

---

**3.** While we held in *Holley v. Watts* that an absolute obligation to repay was recognized as a statutory element under the usury provision there at issue, we do not here reach the issue

whether the legislature may provide or indeed has provided for usury penalties under other statutory provisions which do not require an absolute obligation to repay.