Opinion issued December 23, 2003


















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-01089-CV
____________
 
JANICE M. FRAZIER, Appellant
 
V.
 
EARLENE FRAZIER, Appellee
 

 
 
On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 2001-28896
 

 
 
MEMORANDUM OPINION
In this interpleader suit,


 appellant, Janice Frazier, challenges the trial court’s
judgment, entered after a bench trial, awarding appellee, Earlene Frazier, the proceeds
from a life insurance policy held by Eddie Frazier, deceased. In her sole point of
error, Janice Frazier contends that “the trial court made an error in the application of
the law to the facts.” We affirm.
Facts and Procedural Background
          On March 9, 1987, Eddie Frazier (“Frazier”) designated Earlene Frazier
(“Earlene”), who was his wife, the beneficiary of a life insurance policy issued by
John Hancock Life Insurance Company (“John Hancock”) and provided by his
employer, Halliburton. Subsequently, Frazier, on July 7, 2000, divorced Earlene and,
on October 3, 2000, married Janice Frazier (“Janice”).
          On October 23, 2000, Frazier, suffering from “respiratory arrest,” was admitted
to the Methodist Hospital in Houston. Frazier had been previously diagnosed with
“progressive squamous cell carncinoma of the lung,” and x-rays revealed that he had
a “progressive extensive tumor” in his chest. Following his admission to the hospital,
Frazier was intubated and placed on a ventilator machine.
          During Frazier’s 13-day stay at the hospital, his doctors and members of his
family repeatedly discussed the possibility of removing him from the ventilator
machine. Although Frazier’s daughters, Sharon Scott, Tamalar Bedford, Terrie
Alexander, and Juanita Frazier, were in favor of removing him from the ventilator
machine, Janice was against it because, according to Terrie Alexander, “she had some
business she had to take care of.” However, on November 5, 2000, Janice changed
her mind, and Frazier was “weaned” off of the ventilator machine and died shortly
thereafter.
          Following Frazier’s death, Janice filed with Halliburton a “Beneficiary
Designation Form” showing that she was the designated beneficiary of Frazier’s life
insurance policy. Frazier allegedly signed this form on November 2, 2000.
          Thereafter, Janice and Earlene both asserted claims to the proceeds from the
life insurance policy. Faced with these competing claims, John Hancock filed its
petition in interpleader against them. The trial court subsequently “released and
discharged” John Hancock from all liability, and accepted the proceeds from the life
insurance policy into the court’s registry.
          At trial, Earlene contested whether Frazier actually signed the “Beneficiary
Designation Form.” She testified that she had seen Frazier’s signature on many
occasions and that the signature on the form was not his signature. Moreover, Sharon
Scott, Terrie Alexander, and Juanita Frazier testified that Frazier did not have the
capacity to sign the form on November 2, 2000. Sharon Scott testified that, when she
visited her father that day, he “la[y] [in bed] staring up into space” and “he couldn’t
even squeeze [her] hand.” Terrie Alexander testified that her father “was heavily
sedated” and “he didn’t even wake up” during her visit. Juanita Frazier testified that
she tried to communicate with her father by having him write on a note pad, but he
could barely even “hold a pencil.”
          Following the bench trial, the trial court made the following findings of fact:
 
1)At the time of Frazier’s death, [Earlene] was the beneficiary under
the life insurance policy in question.
 
2)Frazier did not sign the change of beneficiary designation form
submitted by [Janice].
 
3)[Janice] never became the beneficiary under the insurance policy
in question.
 
4)The proceeds of the insurance policy in question should be
awarded to [Earlene].

“Application of the Law to the Facts”
          In her sole point of error, Janice argues that “the trial court made an error in the
application of the law to the facts” because (1) “the evidence of record
demonstrate[d]” that Frazier designated Janice as the beneficiary of the life insurance
policy, and (2) there was “undisputed evidence” that Earlene “waived her status as
the designated beneficiary” in her and Frazier’s divorce decree.
          We construe Janice’s argument as a challenge to the trial court’s findings of
fact. The trial court expressly found that Frazier did not sign the “Beneficiary
Designation Form.” Moreover, the trial court impliedly found that Earlene did not
“waive her status as the designated beneficiary” because it found that she was the
beneficiary of the life insurance policy at the time of Frazier’s death. Janice asserts
that the evidence supports contrary findings. Accordingly, we review the sufficiency
of the evidence supporting the trial court’s findings of fact.
          In an appeal of a judgment rendered after a bench trial, the court’s findings of
fact have the same weight as a jury’s verdict, and we review the legal and factual
sufficiency of the evidence used to support them, just as we would review a jury’s
findings. Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994); In re K.R.P., 80
S.W.3d 669, 673 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).


 Our review
of a legal sufficiency point requires us to consider only the evidence and inferences
that tend to support the finding, disregarding all evidence and inferences to the
contrary. Vannerson v. Vannerson, 857 S.W.2d 659, 666 (Tex. App.—Houston [1st
Dist.] 1993, writ denied). If there is any evidence of probative force to support the
finding, i.e., more than a mere scintilla, we will overrule the issue. Id. In our review
of the factual sufficiency of the evidence, we must consider and weigh all of the
evidence, and we will set aside a verdict only if the evidence is so weak or if the
finding is so against the great weight and preponderance of the evidence that it is
clearly wrong and unjust. Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986).
          In regard to the legal sufficiency of the evidence to support the trial court’s
finding that Frazier did not sign the “Beneficiary Designation Form,” Earlene testified
that she had seen Frazier’s signature on many occasions and that the signature on the
form was not his signature. Furthermore, Sharon Scott testified that, on November
2, 2000, her father “couldn’t even squeeze [her] hand,” and Juanita Frazier testified
that her father could barely even “hold a pencil.” Additionally, Terrie Alexander
testified that her father “was heavily sedated” that day and “he didn’t even wake up”
during her visit. Taken together, this testimony provided “more than a mere scintilla”
of probative evidence that Frazier did not sign the “Beneficiary Designation Form.” 
Accordingly, we hold that the evidence was legally sufficient to support the trial
court’s finding that Frazier did not sign the “Beneficiary Designation Form.”
          In regard to the factual sufficiency of the evidence to support the trial court’s
finding that Frazier did not sign the “Beneficiary Designation Form,” Janice did not
introduce any evidence to contradict this finding. Given the lack of evidence offered
by Janice, and the substantial amount of evidence offered to prove that Frazier did not
sign the form, we cannot conclude that the trial court’s finding was so against the
great weight and preponderance of the evidence as to be clearly wrong and unjust. 
Accordingly, we hold that the evidence was factually sufficient to support the trial
court’s finding that Frazier did not sign the “Beneficiary Designation Form.”
              In regard to the legal sufficiency of the evidence to support the trial court’s
finding that Earlene was Frazier’s beneficiary at the time of his death, it was
undisputed that, on March 9, 1987, Frazier designated Earlene as the beneficiary of
his life insurance policy. Moreover, Earlene testified that Frazier’s signature did not
appear on the form that purported to name Janice as the new beneficiary. In light of
this evidence, we conclude that there was “more than a mere scintilla” of probative
evidence proving that Earlene was the beneficiary of the life insurance policy at the
time of Frazier’s death. Accordingly, we hold that the evidence was legally sufficient
to support the trial court’s finding that Earlene was Frazier’s beneficiary at the time
of his death.In regard to the factual sufficiency of the evidence to support the trial court’s
finding that Earlene was Frazier’s beneficiary at the time of his death, Janice failed
to introduce any evidence to the contrary. When Janice attempted to introduce a copy
of Frazier’s and Earlene’s divorce decree into evidence, Earlene objected to it on the
basis of hearsay, and the trial court sustained the objection. The trial court then
postponed the trial so that Janice could obtain an “authenticated copy of the divorce
decree,” but she never produced one to the trial court. Because there is no evidence
in the record showing that Earlene “waived her status as the designated beneficiary,”
we cannot conclude that the trial court’s finding was so against the great weight and
preponderance of the evidence as to be clearly wrong and unjust. Accordingly, we
hold that the evidence was factually sufficient to support the trial court’s finding that
Earlene was Frazier’s beneficiary at the time of his death.
          We overrule Janice’s sole point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice
Panel consists of Justices Taft, Jennings, and Hanks.