COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-378-CV

SAMI LATIFI APPELLANT

 V.

DELEWARE WAFAYEE AND APPELLEES

ABDUL VEFALI

------------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------ 

Appellant Sami Latifi sued Appellees Deleware Wafayee and Abdul Vefali for breach of contract, breach of fiduciary duty, fraud, and negligent misrepresentation.  After a bench trial, the trial court entered judgment that Latifi take nothing.  The trial court signed findings of fact and conclusions of law, and Latifi perfected this appeal.  In two points, Latifi contends that there was no evidence or insufficient evidence “to support the trial court’s findings” and that the trial court’s findings are against the great weight and preponderance of the evidence.  We will affirm.

Wafayee testified that he and his brother, Vefali, owned a business named DEW/Celil Corporation d/b/a Fast Tune & Lube No. 2.  Wafayee testified that he offered to hire Latifi to work as a mechanic at this business.  Initially, Latifi said he would go to work there only if Wafayee “made [him] a partner,” that is, gave him ownership shares in the business.  Latifi talked of investing $59,000 in the business and of being a one-third owner, while Wafayee and Vefali also would own one-third.  Wafayee testified that Latifi never came up with the $59,000, but nonetheless he started working as a mechanic for the business.  Eventually, Latifi was fired, allegedly for repeatedly not reporting to work on time.

Wafayee and Vefali testified that they paid Latifi the same way the present manager of the Fast Tune & Lube No. 2 is paid, by paying him a percentage of the profits and his paycheck.  Wafayee also explained that the current manager is a signatory on the company’s bank account.  Wafayee conceded that he and his brother had added Latifi as a signatory to the DEW/Celil Corporation bank account so Latifi could “write a check and run the business” as a manager if Wafayee and Vefali were not there.  Both Wafayee and Vefali testified that they had each put $59,000 into the business and that if Latifi had put $59,000 into the business, they would have given him one-third of the corporation’s stock.

Either shortly before or shortly after being fired, according to Wafayee, Latifi proposed that he purchase the business and gave a proposed “agreement for sale and purchase of stock” to Wafayee.  But, again, according to the brothers, Latifi did not come up with the money, and the agreement was never executed.

Latifi testified that he paid $59,000 cash to Wafayee to purchase a one-third interest in the business.  He said that Wafayee requested to be paid in cash.  Latifi testified that no documents were signed evidencing his payment and conceded that he had no way of verifying this payment except through his testimony.  Latifi said that, after his name was placed on the signature card, he did not ask about his share of the stock until the second year that he worked at the business.  According to Latifi, Wafayee said that he was looking for another business to purchase and that after he found something they would discuss Latifi’s share of the business.  But, Latifi never received the stock shares he had purchased.

Findings of fact entered in a case tried to the court have the same force and dignity as a jury’s answers to jury questions.  
Anderson v. City of Seven Points
, 806 S.W.2d 791, 794 (Tex. 1991).  The trial court’s findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury’s answer.  
Ortiz v. Jones
, 917 S.W.2d 770, 772 (Tex. 1996); 
Catalina v. Blasdel
, 881 S.W.2d 295, 297 (Tex. 1994).  Here, although Latifi does not challenge any specific findings of fact, he claims in two points on appeal that the evidence is legally and factually insufficient to support the judgment that he take nothing.

The evidence presented to the trial court was conflicting.  Latifi claimed that he paid Wafayee and Vefali $59,000 in cash to purchase a one-third interest in DEW/Celil Corporation d/b/a Fast Tune & Lube No. 2.  Wafayee and Vefali testified that Latifi’s buy-in into the corporation was discussed, but Latifi never came up with the money.  As was his prerogative, the trial court judge, as the finder of fact, resolved the conflict in the testimony and evidence against Latifi.
(footnote: 2)  The trial court’s findings of fact include findings that 

3.  During 1999, Plaintiff was afforded the opportunity to purchase 1/3 of the issued and outstanding stock of DewCelil Corporation, for a cash price of $59,000.00.

4.  Plaintiff did not pay any sum of money to Defendants, in connection with the offer of sale of the stock.

5.  Plaintiff did not pay to Defendants the sum of $59,000.00.

. . . .

7.  Plaintiff has no equitable interest or claim in and to any stock of DewCelil Corporation.

Having carefully reviewed the record, we conclude that the evidence supporting the trial court’s findings of fact is not so weak, nor is the evidence to the contrary so overwhelming, that the findings should be set aside and a new trial ordered.  
See Mar. Overseas Corp. v. Ellis
, 971 S.W.2d 402, 406-07 (Tex.), 
cert. denied
, 525 U.S. 1017, 119 S. Ct. 541 (1998)
; Garza v. Alviar
, 395 S.W.2d 821, 823 (Tex. 1965).  We are prohibited from merely substituting our judgment for that of the trier of fact.  
See Golden Eagle Archery, Inc
., 116 S.W.3d at 761.  Accordingly, we overrule Latifi’s first and second points challenging the legal and factual sufficiency of the evidence.  We affirm the judgment of the trial court that Latifi take nothing from Wafayee and Vefali on his claims for breach of contract, breach of fiduciary duty, fraud, and negligent misrepresentation.

 SUE WALKER

 JUSTICE

PANEL B:  HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  March 22, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Golden Eagle Archery, Inc. v. Jackson
, 116 S.W.3d 757, 761 (Tex. 2003) (holding that the trier of fact is the sole judge of the credibility of witnesses and the weight to be given to their testimony).