COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-081-CV

 

 

IN THE INTEREST OF J.C., A CHILD



                                                                                                        

                                              ------------

 

           FROM
THE 324TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I.  Introduction








In this termination of
parental rights appeal, we confront the statutory right-to-counsel disparity
that exists between indigent parents in a private termination suit and indigent
parents in a termination suit brought by Child Protective Services (CPS).  Indigent parents in a private termination of
parental rights suit possess no statutory right to appointed counsel while
indigent parents in a CPS-initiated suit do. 
See Tex. Fam. Code Ann.
' 107.013(a)(1) (Vernon Supp. 2007) (mandating appointment of attorney
ad litem for an indigent parent Ain a suit filed by a governmental entity in which termination of the
parent-child relationship is sought@).  Here, although CPS initiated
the suit to terminate the parental rights of Appellant Tracy, who is J.C.=s mother, in a coordinated maneuver, CPS subsequently nonsuited its
termination suit, and on the same day, J.C.=s foster parents filed their own private termination suit.  Consequently, because she was now defending a
private termination suit, instead of a CPS-prosecuted termination suit, Tracy
was forced to proceed pro se in the trial court and likewise proceeds pro se
here.  Because there is no relief
available to Appellant, we will affirm.

II.  Factual and Procedural Background

Upon her birth in Dallas,
Texas, J.C. tested positive for phencyclidine. 
CPS removed J.C. from Tracy at birth and filed a suit in Dallas County
to terminate Tracy=s parental
rights to J.C.  While CPS=s termination suit was pending, CPS placed J.C. with foster parents,
Appellees Mr. and Mrs. Smith who are Tarrant County residents.[1]  The Smiths later attempted to intervene in
CPS=s termination suit, but their petition was stricken by the trial
court.  Because the statutory deadline
for disposition of the termination suit was








approaching[2]
and for other reasons not relevant to this appeal, CPS nonsuited its
termination suit.

On the same day that CPS
nonsuited its termination suit, Mr. and Mrs. Smith filed in Tarrant County an AOriginal Petition for Termination of Parental Rights & Request for
Temporary Orders & Request for Temporary Restraining Order.@  The Smiths sought to be named
temporary managing conservators of J.C., to terminate Tracy=s and J.C.=s father=s parental rights, and to adopt J.C. 
The trial court entered temporary orders naming the Smiths temporary
managing conservators of J.C. 

Tracy filed a pro se answer
in the Smiths= termination
suit.  She also sent a letter to the
trial court judge stating, AI am indigent and cannot afford counsel.@  She explained, AI am currently attending community college in hopes to be able to
provide my daughter with a better future and security. . . .@  She expressed her love for her
daughter and her inability to properly represent herself and reiterated her
need for an attorney.

 








In due course, the Smiths= termination suit was called for final trial.  Tracy 
appeared pro se.  After the trial,
the trial court terminated Tracy=s parental rights to J.C., finding by clear and convincing evidence
that Tracy had

a.  knowingly placed or knowingly allowed the
child to remain in conditions or surroundings that endanger the physical or
emotional well-being of the child;

 

b.  failed to support the child in accordance
with [her] ability during a period of one year ending within six months of the
date of the filing of the petition;

 

c.  engaged in conduct or knowingly placed the
child with persons who engaged in conduct that endangers the physical or
emotional well-being of the child; and

 

d.  been the cause of the child=s
being born addicted to alcohol or a controlled substance legally obtained by
prescription, as defined by section 261.001 of the Texas Family Code.

 

The trial court also found
that termination of Tracy=s parental
rights was in J.C.=s best
interest.  J.C.=s father did not appear at trial and is not a party to this appeal.








Tracy subsequently filed a AMother=s Motion for
Re-Trial,@ complaining
that, AI was and still remain indigent and can not afford legal counsel,
TERMINATION OF PARENTAL RIGHTS, is a matter of dire consequences, and I was not
allowed opportunity to Effective legal counsel.@  Tracy also filed a notarized AMother=s Affidavit
of Inability to Pay Costs of Appeal.@  The Smiths filed a contest to
Tracy=s pauper=s
affidavit.  After a hearing, the trial
court sustained the contest in part to the extent that Tracy was ordered to pay
$405 for the reporter=s record.[3]  See Tex.
R. App. P. 20.1(k) (authorizing order of partial payment of costs).  The trial court denied the balance of the
contest and ordered that Tracy be permitted to appeal without the payment of
any other costs. 

Tracy then filed a request
with this court for appointment of counsel on appeal.  We abated the appeal to the trial court for
consideration of her request, and the trial court held that no statutory
mandate existed requiring the appointment of counsel in a private termination
suit.  Tracy did not pay the $405 that she
was ordered to pay toward the reporter=s record, and no reporter=s record has been filed in this appeal.  Tracy has filed a pro se brief raising four
issues.

III.  Tracy=s Issues








In her first issue, Tracy
attacks the sufficiency of the evidence to support the grounds for termination
found by the trial court and to support the trial court=s best interest finding.  In her
second issue, Tracy complains that the trial court should not have believed the
testimony of Kay Riffin.  In her third
issue, Tracy complains that the bonding assessor did not obtain her permission
to conduct a bonding assessment.  In her
fourth issue, Tracy complains that the trial court did not appoint her
counsel.  We cannot review Tracy=s first three issues in the absence of a reporter=s record.  See, e.g.,
Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994) (explaining that after
a bench trial, a trial court=s findings of fact are conclusive unless the appellate court has a
complete reporter=s
record);  Mar. Overseas Corp. v. Ellis,
971 S.W.2d 402, 406-07 (Tex.) (explaining that appellate court may not pass
upon a witness=s
credibility or substitute its judgment for that of the fact-finder), cert.
denied, 525 U.S. 1017 (1998).








Concerning Tracy=s fourth issue, no statutory right exists to appointed counsel in a
private termination suit.  The
legislature has mandated the appointment of counsel for indigent parents in a
termination suit only Ain a suit
filed by a governmental entity in which termination of the parent-child
relationship is sought.@  Compare Tex. Fam. Code Ann. '' 107.001(1), .015(a), (b), .021 (Vernon Supp. 2007) (appearing to
permit, in a private termination suit, permissive appointment of an attorney ad
litem for a parent and payment of such attorney ad litem Aby one or more of the parties@) with '
107.013(a)(1) (mandating appointment of attorney ad litem for an indigent
parent in a termination suit filed by a governmental entity); see also
generally Lassiter v. Dept. of Social Servs., 452 U.S. 18, 101 S. Ct. 2153
(1981).  Here, CPS nonsuited its Dallas
County termination suit, and the Smiths concurrently filed a new private
termination suit in Tarrant County seeking to terminate Tracy=s parental rights to J.C. 
Because Tracy=s parental
rights were terminated pursuant to a private termination suit, she possessed no
mandatory statutory right to appointed counsel; although we abated this case to
the trial court to consider the availability, if any, of discretionary
appointment of counsel for Tracy, the trial court declined to appoint
counsel.  There is no relief that this
court may grant to Tracy concerning the appointment of counsel.

Consequently, we overrule all
four of Tracy=s issues. 

IV.  Conclusion

Having overruled all of Tracy=s issues, we affirm the trial court=s judgment terminating Tracy=s parental rights to J.C. 

 

SUE WALKER

JUSTICE

 

PANEL M:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.

                                                    

DELIVERED:
March 13, 2008

 











[1]We
refer to Appellees by the fictitious names of Mr. and Mrs. Smith.  See Tex.
Fam. Code Ann. '
109.002(d) (Vernon 2002).





[2]See Tex. Fam. Code Ann. '
263.401 (Vernon Supp. 2007) (setting forth deadlines for commencing trial on
the merits of a termination suit filed by a governmental entity). 





[3]Tracy
has not complained of that order in this court. 
Accord M.L.B. v. S.L.J., 519 U.S. 102, 128, 117 S. Ct. 555, 570
(1996) (holding that Mississippi had to provide indigent mother in private
termination suit with record to afford appellate review of sufficiency of
evidence).