In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00054-CV


____________________



JAMES R. IRONS, Appellant



V.



THE STATE OF TEXAS, Appellee 


 




On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. CIV 23,566






MEMORANDUM OPINION



 James R. Irons filed a motion to return firearms and a knife that were seized in a
criminal investigation. The trial court found that Irons did not own the property at the time
it was seized, and denied the motion. The single issue raised by Irons in this appeal contends
the trial court erred in not ordering the return of the property to the appellant. We affirm the
trial court's order.

 Article 18.19 of the Texas Code of Criminal Procedure governs the disposition of
seized weapons that have not been stolen. Tex. Code Crim. Proc. Ann. art. 18.19 (Vernon 
Supp. 2009). Weapons seized in connection with an offense involving the use of a weapon
are held by the law enforcement agency making the seizure. Tex. Code Crim. Proc. Ann.
art. 18.19(a). If the weapon has been seized without a search or arrest warrant, the person
seizing the same shall prepare and deliver to a magistrate a written inventory of each weapon
seized. Tex. Code Crim. Proc. Ann. art. 18.19(b). If there is no prosecution or conviction
for an offense involving the weapon seized, the magistrate notifies the person found in
possession of the weapon that the person is entitled to the weapon upon written request to
the magistrate. Tex. Code Crim. Proc. Ann. art. 18.19(c). If the weapon is not requested
within a certain time period, the magistrate orders the weapon destroyed or forfeited to the
State. Id. If the magistrate does not order the return, destruction, or forfeiture of the weapon
within the applicable period, the law enforcement agency holding the weapon may request
an order of destruction or forfeiture. Id. If the person found in possession of a weapon is
convicted of an offense involving the use of the weapon, the trial court must order the
destruction or forfeiture of the weapon. Tex. Code Crim. Proc. Ann. art. 18.19(e). If the
court does not do so within a specified period of time, the law enforcement agency holding
the weapon may request an order of destruction or forfeiture of the weapon from a
magistrate. Id.

 In his motion to return the property, Irons alleged he owns fifteen guns and a knife
seized by law enforcement officials from James W. Irons, Sr. James W. Irons, Sr. is the
fifty-six-year-old son of the appellant, James R. Irons. The motion was apparently filed as
an independent civil action, and the State has not filed a forfeiture petition regarding this
particular property. Although it is not shown in this record who has custody of the weapons,
an assistant district attorney for Polk County appeared at the hearing on behalf of the State 
and suggested that "this action belongs before the magistrate [to] whom the search warrant
was returned who can determine to forfeit the guns to the State or he can determine to return
them if Mr. Irons, Sr., proves ownership of them even." According to the State, the guns
were seized pursuant to a search warrant obtained after a report that the appellant's son was
shooting at cars passing on the highway from the front porch of his house. The appellant's
son was convicted and at the time of the hearing was serving multiple concurrent sentences,
the longest of which is for fifteen years. (1)

 James R. Irons testified he once had a gun shop in Baytown and later moved to
Mississippi where he had a gun shop and a pawn shop. Irons testified that he was the one
who acquired the guns. Irons explained that the guns were in Texas because he had planned
to move onto the land, which was jointly owned by Irons, his wife, and his son. Irons put a
trailer on the land but decided not to move when his son "took so much dope he lost his
mind." According to Irons, he and his son "had a little run in" that made Irons and his wife 
change their minds about moving to Texas. Irons denied having given the guns (listed in an
attachment to his motion) to his son, but he did admit that "I have gave him some guns
because I been in the gun business for years[.]" Irons had been living in Mississippi since
1976. The land in Texas was bought "for the grand kids years ago." Irons claimed the guns
were originally in a big shed behind the house but were moved inside the house where his
son lived, because his son's large safe had been broken into and was no longer secure. The
younger Irons's drug problems began about five years before the hearing. Irons recalled that
his son was arrested for possession of a controlled substance and endangering a child in
October 2006. Irons explained his failure to retrieve the weapons at that time by stating that
"we was planning on moving over there." Irons was still living in Mississippi at the time of
the November 2008 hearing. Irons testified that he owned each of the weapons at the
hearing, but he produced no documentation for any of the property.

 On appeal, Irons argues that "[t]he testimony is uncontroverted that Movant is the
rightful owner of the weapons." Although Irons was the only witness, the trial court was the
sole judge of his credibility and the weight to be given that testimony. City of Keller v.
Wilson, 168 S.W.3d 802, 819 (Tex. 2005) (The fact-finder is the sole judge of the credibility
of the witnesses and the weight to give their testimony.); see also Catalina v. Blasdel, 881
S.W.2d 295, 297 (Tex. 1994) ("A trial court's findings are reviewable for legal and factual
sufficiency of the evidence by the same standards that are applied in reviewing evidence
supporting a jury's answer."). "The uncontradicted testimony of an interested witness cannot
be considered as doing more than raising an issue of fact unless that testimony is clear, direct,
and positive, and there are no circumstances in evidence tending to discredit or impeach such
testimony." McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986).

 In this case, there are sufficient circumstances in evidence that tend to discredit Irons's
claim of ownership. The weapons were seized in the home where Irons's adult son was
residing. Although Irons claimed to own an interest in the property where the weapons were
seized, Irons lived in another state. Irons suggested he acquired these weapons before he
moved to Mississippi. He claimed he left them on the property where his son resided 
because he (James R. Irons) intended to move onto the property. Irons had moved to
Mississippi more than thirty years ago. The trial court could have rejected as incredible
Irons's claim that the guns still belonged to Irons and not to Irons's son. James R. Irons
admitted he had given guns to his son. Under these circumstances, the trial court could reject 
the father's claim of ownership and instead believe that Irons's son was the owner of the
seized weapons. We hold the trial court did not abuse its discretion in denying James R. 
Irons's motion to have the weapons returned to him. We overrule the sole issue and affirm
the trial court's ruling.

 AFFIRMED.





 ______________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on September 29, 2009

Opinion Delivered October 29, 2009


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Although no record of the convictions appears in the appellate record, James
W. Irons, Sr. was convicted of possession of cocaine on three separate occasions and
for deadly conduct involving the discharge of a firearm. See 
http://168.51.178.33/webapp/TDCJ/index2.htm.