Reversed and Rendered and Memorandum
Opinion filed August 4, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00733-CV



Capital One,
N.A., Appellant 

v.

Nationstar
Mortgage LLC, Appellee 



On Appeal from
the 281st District Court

Harris County, Texas

Trial Court
Cause No. 2008-74695



 

MEMORANDUM OPINION 

Capital One, N.A. appeals from a final judgment in
favor of appellee, Nationstar Mortgage LLC, on Nationstar’s claim for
conversion of a check.  The check at issue was made payable to a homeowner and
a loan-servicing company, neither of whom are parties to the lawsuit.  In its
first issue, Capital One contends that the evidence is legally insufficient to
show that Nationstar had been assigned the loan-servicing company’s rights to the
check at the time that the loan servicing was transferred.  In three other
issues, Capital One argues that the trial court abused its discretion by
admitting certain exhibits at trial.  We sustain Capital One’s first issue, reverse
the judgment of the trial court, and render judgment that Nationstar take
nothing.  

I.                  
Background

In June 2005, Whitney Augustine, Jr. purchased property
in New Orleans.  Augustine received a loan from Centex Home Equity Company LLC (“Centex”)
and secured insurance coverage for the property through Fidelity National
Property and Casualty Insurance Company (“Fidelity”).  In August 2005, the property
was damaged by Hurricane Katrina.  

In September 2005, Centex sold and assigned its
rights, title, and interest in the loan to Greenwich Capital Financial Products
as part of a bundle of loans.  HomEq Servicing Corporation (“HomEq”) began
servicing the loan.  Augustine gave notice to Fidelity and HomEq that his property
had been damaged by Katrina.  Fidelity forwarded a check to Augustine in the
amount of $84,000 to pay for the property losses.  The check was made payable jointly
to Augustine and HomEq. 

In December 2005, after Augustine presented the check
for deposit at a Hibernia Bank, N.A. branch in Houston, the check was deposited
into Augustine’s account.  Hibernia is a predecessor-in-interest to Capital One. 
Nationstar argued at trial that HomEq did not consent to any endorsement of the
check on its behalf.    

In February 2006, Harwood Street Funding II, LLC, a
subsidiary of Centex used for securitization of loans, repurchased the
Augustine loan from Greenwich because it was a “nonconforming loan” and subject
to repurchase under the terms of Centex and Greenwich’s purchase agreement.  On
May 31, 2006, Augustine received what the parties referred to as a “goodbye
letter,” notifying Augustine that the “right to collect payments from you, is
being assigned, sold or transferred from [HomEq] to [Centex].”  In June 2006,
HomEq officially transferred the servicing of the Augustine loan to Centex.  In
July 2006, Centex changed its name to Nationstar.    

In December 2008, Nationstar sued Capital One for
conversion of a negotiable instrument pursuant to Texas Business and Commerce
Code section 3.420.[1] 
After denying motions for summary judgment filed by the parties, the trial
court conducted a bench trial.  During that proceeding, the parties disputed whether
the transfer of servicing rights included an assignment of rights to the check. 
Dennis DiMaggio, a consultant with Nationstar, testified that he had become
involved with the Augustine loan in June 2007 because there was a problem with
the check.  A Nationstar representative communicated with HomEq about executing
an affidavit of forgery requested by Fidelity.  When asked whether Nationstar
obtained a “documented” assignment of the check from HomEq before filing suit,
DiMaggio responded that “we were assigned the rights to the collateral; and the
insurance proceeds are part and parcel of the underlying collateral . . . .” 
He surmised that because Nationstar was assigned the servicing rights and one
of its subsidiaries repurchased the loan, it followed that Nationstar could sue
Capital One for conversion.[2]


In addition, Nationstar introduced, and the trial
court admitted, deposition testimony on written questions by Angel T. Berry,
operations/litigation manager and assistant vice president of HomEq.  According
to Berry’s responses, there was no formal assignment of the rights to the check
at the time servicing was transferred.  In her view, the “goodbye letter”
supported the intent to transfer all rights and “[c]onsidering that the
servicing was released to a new servicer, the thought was that any recovery
rights that we would have/had as servicer would follow the mortgage and we
would help to address any issues.”[3] 
Berry stated that she became involved when a law firm contacted HomEq
requesting an assignment to Nationstar to facilitate the recoupment of the
insurance proceeds.  Her written responses indicate that she signed the “assignment”
in June 2009, after suit was filed.  In July 2009, Berry was told that the
original document did not include language that was specific enough for
purposes of pursuing the recoupment of the insurance proceeds.  She agreed to
execute another document.  She stated that it was “common that we would assist
in completing assignments of mortgage to a new holder/owner if same was not
handled upon transfer.”     

The trial court rendered judgment in favor of
Nationstar on the conversion claim and ordered that Nationstar recover from
Capital One $84,000 in actual damages, in addition to pre-judgment and
post-judgment interest and court costs.  Capital One timely requested, and the
trial court issued, findings of fact and conclusions of law.  Pertinent to the
issue of the assignment, the trial court found that HomEq “transferred all of
its rights, interests, responsibilities and duties as servicer of the Augustine
Loan to Nationstar, including its right to the proceeds of the Check, on or before
June 15, 2006.”  The trial court concluded that “Nationstar obtained HomEq’s
rights to and interest in the proceeds from the Check by June 15, 2006.”  This
appeal followed.

II.              
Analysis

In issue one, Capital One challenges the legal
sufficiency of the evidence to prove that Nationstar was entitled to assert
HomEq’s rights to the check by way of an assignment at the time that the loan
servicing was transferred.

In an appeal of a judgment rendered after a nonjury
trial, a trial court’s findings of fact have the same weight as a jury’s
verdict, and we review the legal sufficiency of the evidence used to support
them just as we would review a jury’s findings.  See Catalina v. Blasdel,
881 S.W.2d 295, 297 (Tex. 1994).  In conducting a legal-sufficiency review, we
must consider all of the evidence in the light most favorable to the verdict
and indulge every reasonable inference that would support it.  City of
Keller v. Wilson, 168 S.W.3d 802, 822 (Tex. 2005).  In determining whether
legally sufficient evidence supports the finding under review, we must consider
evidence favorable to the finding if a reasonable fact-finder could consider
it, and disregard evidence contrary to the finding unless a reasonable
fact-finder could not disregard it.  Id. at 821.    

The elements of a claim for conversion of an
instrument are set out in section 3.420 of the Texas Business and Commerce
Code.  See Tex. Bus. & Com. Code Ann. § 3.420 (West 2002).  That
section provides in relevant part: 

(a) The law applicable to conversion of personal property
applies to instruments.  An instrument is also converted if it is taken by
transfer, other than a negotiation, from a person not entitled to enforce the
instrument or a bank makes or obtains payment with respect to the instrument
for a person not entitled to enforce the instrument or receive payment.  An
action for conversion of an instrument may not be brought by:

(1)       the issuer or acceptor
of the instrument; or

(2)       a
payee or indorsee who did not receive delivery of the instrument either
directly or through delivery to an agent or a co-payee.

Id. § 3.420(a)(1)–(2). 
“Delivery” in this context is defined by the Code as “voluntary transfer of possession.” 
Id. § 1.201(15) (West 2009).  The parties presume that HomEq had a right
to sue Capital One for conversion under this section.  Although the record
reflects that HomEq never received the check, it is clear that Augustine, a
co-payee, did.  The question, then, is whether HomEq’s rights to the check were
assigned to Nationstar with the transfer of the loan servicing, either by an
express or equitable assignment.

An assignment is a manifestation by the owner of a
right of his intention to transfer the right to an assignee.  Pape Equip.
Co. v. I.C.S., Inc., 737 S.W.2d 397, 399 (Tex. App.—Houston [14th Dist.]
1987, writ ref’d n.r.e.).  To recover on an assigned cause of action, one must
plead and prove that a cause of action capable of being assigned existed and
was assigned to the party alleging the theory of assignment.  Id.  If no
express assignment can be established, a party may argue equitable assignment. 
See id. at 402.  To constitute equitable assignment, the agreement must
evidence an intent to transfer the interest, and the transferor must relinquish
control over the interest.  Id.

 Capital One first contends that Nationstar did not
plead any assignment, either express or equitable.  A review of Nationstar’s original
petition shows that Nationstar alleged that the check in question was issued
while HomEq was servicing the loan, and that servicing of the loan was
transferred from HomEq to Nationstar.  Assuming without deciding that this
assertion was enough to plead an assignment, Nationstar was required to prove
that a cause of action capable of being assigned existed and was assigned to
it.  Pape Equip. Co., 737 S.W.2d at 399.   

Nationstar contends that it was not required to prove
the existence of an express assignment.  There was no “assignment” prior to
suit introduced into evidence.  In addition, Berry testified that there was not
an actual assignment drafted before she became involved.[4]  

Nationstar asserts that the “goodbye letter,”
DiMaggio’s testimony, the acknowledgment of assignment, and Berry’s deposition
testimony on written questions are sufficient to show an equitable assignment,
that is, that HomEq intended to assign the rights to the check to Nationstar
when HomEq transferred the loan servicing in June 2006.  We disagree for
several reasons.  First, the acknowledgment of assignment was not admitted into
evidence for the truth of the matter asserted.[5] 
Second, the “goodbye letter” notifies Augustine that the right to collect
payments from him is being assigned by HomEq to Nationstar.  It does not
expressly assign the rights to the check or demonstrate an intent to assign the
rights to the check.  Third, neither DiMaggio nor Berry was involved in the
transfer of the loan-servicing rights.  Although both testified that the
assumption when transferring the servicing of a loan is that the new servicer
acquires the rights that the transferring servicer had, this testimony amounts
to industry expectation in such transactions and is not evidence of the intent
to assign the rights to the check in this case.    

Therefore, we sustain Capital One’s first issue. 
Because of our disposition, we need not address Capital One’s remaining
issues.  See Tex. R. App. P. 47.1.

III.           
Conclusion

Because the evidence is legally insufficient to show
that Nationstar had an express or equitable assignment of the rights to the
check, we reverse the judgment of the trial court and render that Nationstar
take nothing.  

 








                                                                        

                                                /s/                    Adele
Hedges

                                                                        Chief
Justice

 

 

 

Panel consists of Chief Justice Hedges
and Justices Seymore and Boyce.

 









[1]
In January 2010, Nationstar also initiated a lawsuit against Augustine in a
Civil District Court in Louisiana.  





[2]
Nationstar does not argue that it has a right to sue Capital One for conversion
because one of its subsidiaries repurchased the loan from Greenwich.  It argues
that the right exists as part of the transfer of the servicing of the loan from
HomEq to Nationstar.





[3]  
Without explanation, both parties have agreed to a corrected exhibit for
appellate purposes.  The corrected exhibit contains Berry’s deposition by
written questions, the 2009 “Assignment,” and the 2009 “Acknowledgement of
Assignment.”  The corrected exhibit is in the record as summary-judgment
evidence.  We will not consider the corrected exhibit because it was not admitted
into evidence at trial.  See Celadon Trucking Servs., Inc. v. Titan Textile
Co., 130 S.W.3d 301, 307 (Tex. App.—Houston [14th Dist.] 2004, pet. denied)
(stating that on appeal from a trial on the merits, appellate court cannot
consider summary-judgment evidence that was not admitted in evidence at trial). 






[4]
The record is unclear on whether a June 2009
“assignment” was admitted at trial.  The signature page of the assignment was
attached to Berry’s deposition testimony on written questions.  The trial court
stated that “the deposition itself is in evidence,” but did not address whether
the signature page from the purported assignment was also admitted.  Neither
party offered the assignment into evidence separate from the deposition testimony.  Even if the June 2009 assignment
was admitted into evidence, it is not evidence of an intent to assign the
rights to the check at the time of transfer of the loan servicing.  





[5]
The parties had a lengthy discussion with the trial court about whether the
acknowledgment of assignment was hearsay or whether it was exempt from the
hearsay rule because it was part of Berry’s deposition testimony on written
questions.  The trial court sustained the hearsay objection.