

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00236-CV

BRADLEY GENE LLOYD, APPELLANT

V.

TEXAS DEPARTMENT OF PUBLIC SAFETY, APPELLEE

On Appeal from the County Court at Law
Bexar County, Texas[1]
Trial Court No. 2022CV04198, Honorable Cesar Garcia, Presiding

November 30, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Bradley Gene Lloyd appeals from the trial court's judgment affirming an administrative order that revoked his driver's license. In a single issue, Lloyd challenges the sufficiency of the evidence to support the revocation of his driver's license. We reverse the trial court's judgment.

---

[1] Pursuant to the Texas Supreme Court's docket equalization order, this case was transferred to this Court from the Fourth Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

## FACTS AND PROCEDURAL BACKGROUND

On November 9, 2021, Lloyd was involved in a motor vehicle accident in San Antonio, Bexar County, Texas. During the investigation of the accident, San Antonio Police Officer Zachary Krok determined that Lloyd rear-ended a vehicle stopped at a traffic light while traveling at a high rate of speed. The impact of the collision knocked the vehicle Lloyd struck into the back of another vehicle, which was also stopped at the traffic light. Officer Krok noted in his Texas peace officer's crash report that "[Lloyd] was having a mental health episode and was believed to have tried to commit suicide by crashing into the vehicle while not wearing a seat belt."

In December of 2021, the Texas Department of Public Safety issued a letter to Lloyd concerning a report of "a possible medical condition which might affect" his safe operation of a motor vehicle and requested Lloyd complete and return a medical packet within ninety days. (Emphasis in original.) On April 12, 2022, the Department sent Lloyd a notice of revocation of his driver's license with instructions to request a hearing or the indefinite revocation would begin on May 25, 2022. Lloyd requested an administrative hearing before the Bexar County municipal court. *See* TEX. TRANSP. CODE ANN. § 521.300.[2] After a hearing, the Bexar County municipal judge made an affirmative finding that, for medical reasons, Lloyd is incapable of safely operating a motor vehicle and issued an order of revocation. Lloyd timely appealed the judgment of the municipal court by filing a petition in the county court at law for a trial de novo. *See* § 521.308. After

_____

[2] Further references to provisions of the Texas Transportation Code will be by reference to "section __" or "§ __."

a bench trial, the county court at law sustained the revocation of Lloyd's driver's license, prompting this appeal. At Lloyd's request, the court filed findings of fact and conclusions of law.

By his sole issue, Lloyd contends the order of revocation is not supported by substantial evidence.

## STANDARD OF REVIEW

The parties argue that the applicable standard of review on appeal is under the substantial evidence standard. *See* TEX. GOV'T CODE ANN. § 2001.174. However, Texas Government Code section 2001.221 specifically exempts from substantial evidence review the revocation of a driver's license brought under Subchapter N, Chapter 521 of the Texas Transportation Code. *See id.* § 2001.221(1) ("This chapter does not apply to a . . . revocation . . . of a driver's license . . . as authorized by: 'Subchapter N, Chapter 521, Transportation Code' . . ."); § 521.294(1) (authorizing revocation of driver's license of person who is "incapable of safely operating a motor vehicle.").

In his brief, Lloyd contends "there is not a scintilla of reliable evidence in the record to support the revocation of [his] driver's license." We construe his issue as a challenge to the legal sufficiency of the evidence.

When, as here, the trial court has made findings of fact and a reporter's record has been filed, we review the findings for legal and factual sufficiency of the evidence using the same standards we apply to jury findings. *See Hanford-Southport, LLC v. City of San Antonio,* 387 S.W.3d 849, 853 (Tex. App.—San Antonio 2012, pet. denied). A legal sufficiency challenge to the evidence supporting an adverse finding of fact on an issue

3

for which the appellant did not have the burden of proof requires the appellant to show that no evidence supports the adverse finding. *Graham Cent. Station, Inc. v. Peña*, 442 S.W.3d 261, 263 (Tex. 2014) (per curiam). When reviewing the record, we view the evidence in the light most favorable to the finding, considering only the evidence and inferences that support the finding and disregarding all evidence and inferences to the contrary. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). If more than a scintilla of evidence exists to support the finding of fact, the legal sufficiency challenge will not prevail. *Graham Cent. Station, Inc.*, 442 S.W.3d at 263.

## ANALYSIS

At a license revocation hearing brought under Subchapter N, Chapter 521 of the Texas Transportation Code, the Department must prove by a preponderance of the evidence, and the presiding officer must affirmatively find, "the grounds for suspension or revocation stated in the notice are true." § 521.301. Here, the Department's April 12 notice alleged as grounds for revocation that Lloyd is incapable of safely operating a motor vehicle. *See* § 521.294(1).

At the de novo hearing before the trial court, the Department's evidence consisted of a certified record of the documents introduced at the hearing before the municipal judge, including the following: Officer Krok's peace officer's crash report; a December 31, 2021 notice from the Department requesting Lloyd return a medical packet within ninety days to avoid revocation; the April 2022 minutes of the Medical Advisory Board for Driver Licensing; an undated document referring to the minutes of the Medical Advisory Board and noting that "[s]pecific limitation(s) to driving is a listed suspicion of possible underlying

4

psychiatric components of paranoia and delusional thoughts"; a notice of revocation dated April 12, 2022; and an August 16, 2022 evaluation from Lloyd's psychiatrist. No witnesses testified at the hearing. In its findings of fact, the trial court found that Lloyd was involved in an automobile collision; the investigating officer stated that it appeared Lloyd had a mental health episode and tried to commit suicide by crashing into a vehicle without wearing a seat belt; the Medical Advisory Board for Driver Licensing determined Lloyd was unable to safely operate a motor vehicle due to psychiatric medical limitations and experienced two events (hospitalization and motor vehicle accident) in a short period of time related to paranoid/delusional thoughts and "there is no reason to believe that whatever caused this is under control"; Lloyd's medical history indicates two instances of hospitalization due to his anxiety disorder; and Dr. Rosalia Carrasco's evaluation of Lloyd on August 16, 2022 did not recommend any prescription medication or determine a reason for Lloyd's continued license suspension.[3]

Lloyd characterizes Officer Krok's report that he was "having a mental health episode and was believed to have tried to commit suicide by crashing into the vehicle while not wearing a seat belt" as conclusory, explaining that the officer gave no justification or explanation for his conclusion. We agree with Lloyd. A conclusory statement makes an assertion without any basis or explanation. *See San Antonio v. Pollock,* 284 S.W.3d 809, 818 (Tex. 2009); *see also Bustamante v. Ponte*, 529 S.W.3d 447, 462 (Tex. 2017) (explaining that "[a]n expert's testimony is conclusory if the witness

---

[3] Notably, there are no findings related to a revocation of Lloyd's driver's license, only a suspension. This is not a suspension case. The Department sought an indefinite revocation of Lloyd's driver's license, not a suspension. Revocation and suspension are not synonymous.

simply states a conclusion without an explanation or factual substantiation.") Bare or baseless opinions cannot support a judgment, even if there was no objection over their admission into evidence. *See Pollock*, 284 S.W.3d at 816. An "expert must explain the basis of his statements to link his conclusions to the facts." *Earle v. Ratliff,* 998 S.W.2d 882, 890 (Tex. 1999). When the evidence presented to the factfinder is conclusory, it is considered no evidence. *See Kindred v. Con/Chem. Inc.,* 650 S.W.2d 61, 63 (Tex. 1983) ("When the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence."). Moreover, there is no evidence that Officer Krok was qualified to make a mental health determination.

Additionally, the findings of fact make reference to the minutes of the Medical Advisory Board. The minutes relied on the possible attempted suicide referenced in Officer Krok's crash report and mention Lloyd experiencing a hospitalization and automobile accident in a short period of time purportedly related to paranoid/delusional thoughts. There are no facts in this record to support the conclusion that Lloyd suffered from paranoid or delusional thoughts. It is unclear what medical records were before the Medical Advisory Board in April. Consequently, we find the Medical Advisory Board's minutes to be conclusory and, therefore, no evidence.

After reviewing the evidence in the light most favorable to the trial court's findings, considering only the evidence and inferences that support the findings and disregarding all evidence and inferences to the contrary, we hold there was no legally sufficient evidence to support the revocation of Lloyd's driver's license. *Catalina,* 881 S.W.2d at 297. We sustain Lloyd's sole issue.

## CONCLUSION

We reverse the trial court's judgment and remand to the trial court with instructions to vacate the judgment.


Judy C. Parker
Justice