

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00417-CV

Kimberly **FLATTEN**,
Appellant

v.

**OLIPHANT FINANCIAL, LLC**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2021CV00833
Honorable Cesar Garcia, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Lori I. Valenzuela, Justice
Lori Massey Brissette, Justice

Delivered and Filed: June 11, 2025

REVERSED AND RENDERED

Appellant Kimberly Flatten challenges the trial court's findings that a loan from appellee Oliphant Financial, LLC was a negotiable instrument subject to a six-year statute of limitations period. On appeal, Flatten argues the trial court's findings were erroneous because the loan is not a negotiable instrument and is thus subject to a four-year statute of limitations—which lapsed prior to Oliphant initiating the underlying lawsuit. We reverse and render judgment in favor of Flatten.

## BACKGROUND

On July 23, 2015, Flatten received a $24,000.00 loan from WebBank through its online application and approval process.[1] WebBank subsequently sold the loan to Oliphant. Per the terms of the 60-month loan, Flatten was to make an initial payment of $590.88 and then fifty-nine subsequent payments of $590.68. The loan carried an 18.94% annual interest rate. A formal Loan Agreement was included in the documents agreed to by Flatten to receive the online loan. Relevant here, the Loan Agreement provided Oliphant with a limited power of attorney to "complete and execute [a] promissory note[] in [Exhibit A] appended to your Loan Agreement[.]" Appended to Flatten's signed Loan Agreement was a form promissory note with unfilled blanks for typewritten additions to include, among other things, the principal sum, interest rate and interest calculation, payment amount, and the fees and charges associated with the loan. Flatten made three payments of $590.68, then stopped making payments.

On March 8, 2021, approximately five and a half years after Flatten's last payment, Oliphant filed the underlying lawsuit seeking to collect the loan's outstanding balance. Flatten filed a *pro se* answer raising a statute of limitations affirmative defense.

On February 3, 2023, the parties appeared for trial. The trial court admitted the Loan Agreement into evidence and heard testimony from Oliphant representative London Thompson. Thompson testified that: Flatten was bound by the terms of the Loan Agreement, which, among other things, authorized Oliphant to fill in and execute the form promissory note attached to the Loan Agreement as Exhibit A; Flatten's account was closed, the balance of the loan's principal was $23,210.17, the accumulated interest was $1,600.53, and the bank fees were $29.53; and, in sum, the total amount due from Flatten with principal, interest, and late fees was $24,840.23.

---

[1] The loan's lump sum was $22,800.00 plus a $1,200.00 origination fee.

During her case-in-chief, Flatten, appearing *pro se*, did not dispute that she agreed to the Loan Agreement or was in default. Instead, Flatten argued that the applicable statute of limitations barred Oliphant's suit because it had not been brought within four years of her last delinquent payment. *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(3) (establishing a four-year statute of limitations for a suit on debt). Oliphant countered that the form promissory note referenced as Exhibit A in the Loan Agreement was a negotiable instrument. Therefore, Oliphant concluded, a six-year statute of limitations applied. *See* TEX. BUS. & COM. CODE § 3.118(a) (establishing a six-year statute of limitations for a suit on a negotiable instrument).

Following the bench trial, the trial court entered judgment in favor of Oliphant for $24,840.23, plus court costs and post-judgment interest. The trial court issued findings of fact and conclusions of law in which it concluded Flatten entered a promissory note with Oliphant, the promissory note was a negotiable instrument, and, as a negotiable instrument, the note was subject to a six-year statute of limitations. Flatten appealed.[2]

## NEGOTIABLE INSTRUMENTS

In two appellate issues, which we review as one, Flatten argues the parties' loan is not a negotiable instrument; therefore, Flatten concludes, the trial court erred in applying a six-year statute of limitations to Oliphant's claims rather than a four-year statute of limitations.

### *Standard of Review*

When, as here, the trial court issues findings of fact and conclusions of law following a bench trial, "the trial court's findings of fact have the same weight as a jury verdict." *Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Ass'n*, 534 S.W.3d 558, 582 (Tex. App.—San Antonio 2017), *aff'd*, 593 S.W.3d 324 (Tex. 2020). "However, when the appellate record

---

[2] Oliphant did not file an appellee brief.

includes a reporter's record, a trial court's findings of fact are not conclusive and are binding only if supported by the evidence." *Id.* "A trial court's findings are reviewable for legal and factual sufficiency of the evidence by the same standards that are applied in reviewing evidence supporting a jury's answer." *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). We apply a *de novo* standard of review to the trial court's conclusions of law. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *Amplify Fed. Credit Union v. Garcia*, No. 03-17-00161-CV, 2017 WL 6757001, at *1 (Tex. App.—Austin Dec. 19, 2017, no pet.) (mem. op.) ("Whether an instrument is negotiable is a question of law we review de novo.").

*Applicable Law and Analysis*

"A negotiable instrument is 'an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order,' upon demand or at a definite time and is payable to order or to bearer." *Mulley v. Tex. Cap. Holdings, LLC*, No. 14-21-00340-CV, 2023 WL 3115667, at *2 (Tex. App.—Houston [14th Dist.] Apr. 27, 2023, no pet.) (mem. op.) (quoting TEX. BUS. & COM. CODE § 3.104(a)); *see also Great N. Energy, Inc. v. Circle Ridge Prod., Inc.*, 528 S.W.3d 644, 661 (Tex. App.—Texarkana 2017, pet. denied) ("While promissory notes can be and are often referred to as negotiable instruments, they can only be negotiable instruments under [the Code] if they constitute an unconditional promise or order to pay a fixed amount of money.") (internal quotation marks omitted). "The sum-certain requirement . . . is not satisfied if one cannot determine from the face of [the] note the extent of the maker's liability." *Mulley*, 2023 WL 3115667, at *2 (internal quotation marks omitted, alteration in original). A six-year statute of limitations applies to the enforcement of a negotiable instrument. TEX. BUS. & COM. CODE § 3.118(a); *cf.* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(3).

Here, neither party disputes that Oliphant's suit to collect on the loan's outstanding balance would be barred by a four-year statute of limitations but not by a six-year statute of limitations. *Compare* TEX. BUS. & COM. CODE § 3.118(a), *with* TEX. CIV. PRAC. & REM. CODE § 16.004(a)(3). Their sole disagreement is about which statute of limitations applies. In the trial court's findings of fact, the trial court concluded that the parties entered into the form promissory note, which was attached as Exhibit A to the Loan Agreement. Additionally, in its conclusions of law, the trial court found that the unsigned promissory note was a negotiable instrument. However, in the record admitted at trial and before this court, only the unfilled blank form promissory note is included. That is, the unexecuted note does not contain any of Flatten's identifying information or details of the parties' executed loan. *See* TEX. BUS. & COM. CODE § 3.104(a) (listing the requirements of a negotiable instrument). Thus, assuming the Loan Agreement validly gave Oliphant the authority to fill in and execute a promissory note on Flatten's behalf, no such promissory note exists based on this record. Because of this, contrary to the trial court's findings and conclusions, no promissory note exists between the parties—which was the sole negotiable instrument found between the parties. Therefore, the trial court erred in holding that the parties entered into a negotiable instrument in the form of the blank promissory note attached to the Loan Agreement. *See id.* Accordingly, as a suit on debt, a four-year statute of limitations applied to Oliphant's causes of action, and it is undisputed that Oliphant filed its lawsuit more than four years after the causes of action accrued. We sustain Flatten's first and second appellate issues.

## CONCLUSION

We reverse the trial court's judgment and enter judgment that Oliphant take nothing.


Lori I. Valenzuela, Justice