Opinion issued March 19, 2015



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00077-CV

———————————

**NGA LY, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASHLEY LY TRUONG AND THE ESTATE OF TIFFANY LY TRUONG, Appellant**

**V.**

**DAVID NGUYEN, AKA HUNG QUOC NGUYEN, A/K/A NGUYEN HUNG QUOC; HOA THI TRAN, A/K/A THUAN TUAN TRAN, A/K/A HOA NGUYEN; TRAN DIEM THUY; DIEM TRAN; AND SAINT JOSEPH VILLAGE CONDOMINIUM ASSOCIATION, INC., Appellees**

On Appeal from the 127th District Court
Harris County, Texas
Trial Court Case No. 2008-17570

## MEMORANDUM OPINION

Nga Ly, individually and as administrator of the estate of Ashley Ly Truong and the estate of Tiffany Ly Troung sued a number of defendants, including Saint Joseph Village Condominium Association, Inc., for claims arising from the deaths of her two minor daughters. Following a bench trial, the trial court rendered judgment in favor of Ly against Hoa Thi Tran. The trial court rendered a take-nothing judgment against the remaining defendants. In one issue on appeal, Ly asserts that the evidence was legally and factually insufficient to support the take-nothing judgment against Saint Joseph Village Condominium Association.

We affirm.

## Background

Hoa Thi Tran Tran lived at the Saint Joseph Condominium complex in Unit 315, a ground-floor condominium. On the front of the unit, was a fenced-in terrace. Next to Unit 315 was Unit 313. That unit also had a fenced-in terrace, which was contiguous to Unit 315's terrace. A fence separated the terraces.

On June 26, 2006, Nga Ly brought her two daughters, two-year-old Ashley and two-year-old Tiffany, to Unit 315 for Tran to babysit. Later that day, Tran left the home, placing her 19-year-old son, David Nguyen, in charge of the children. Around 2:50 p.m., a fire started in the area between the two terraces. When he became aware of the fire, David left Unit 315 with his siblings but did not take

2

Ashley, Tiffany, and another child, four-year-old Ethan Nguyen, with him, leaving the three young children alone in the unit.

Firefighters soon arrived on the scene; however, they were unable to save Ashley, Tiffany, or Ethan. The three children died of smoke inhalation.

After an investigation, the fire department concluded that the fire had been started by a person. The investigation did not determine who had set the fire, although it was suspected that it had been started by children playing with matches.

The investigation revealed that a refrigerator, a freezer, and seats from a van being stored on the terrace of Unit 313, along with a scooter and a motor cycle being stored on the terrace of Unit 315, had served as fuel for the fire. A fire department investigator would later testify that, without the fuel provided by the stored items, it is likely that the fire would have burned itself out without spreading to the units.

Ly filed suit, individually and as representative of her daughters' estates, against the babysitter, Hoa Thi Tran; her son, David Nguyen; the owners of Unit 313, Diem Tran and Tran Diem Thuy; and against the condominium association, Saint Joseph Village Condominium Association, Inc. The trial court granted a severance of Ly's claims against David Nguyen and rendered a default against him. The trial court also granted a summary judgment against Hoa Thi Tran, awarding Ly $7,500,000 against Tran.

3

Ly's negligence claims against the owners of Unit 313, Diem Tran and Tran Diem Thuy, and against Saint Joseph Village Condominium Association ("the Association") proceeded to a bench trial. Ly asserted that storage of items such as a refrigerator, a freezer, car seats, a scooter and a motorcycle on the terraces was a violation of the Association's rules and regulations. She claimed that these items had fueled the fire, and that the unauthorized storage of these items had been a proximate cause of her daughters' deaths.

At trial, a dispute arose regarding the status of Ashley and Tiffany. Ly alleged that the girls were invitees on the property. The Association asserted that Ly had hired Tran to babysit her daughters. According to the Association, Tran was operating an unauthorized daycare service out of her condominium unit, which was prohibited by the Association's rules. The Association characterized the girls as being, at most, licensees on the property.

The parties also disagreed whether the terraces—where the fire originated and where the items that fueled the fire were stored—were part of the common elements of the condominium complex. Ly claimed that the terraces were part of the common elements of the complex, subject to the control of the Association. The Association took the position that the terraces were considered privately-owned property because they are part of the condominium units. It maintained the position that, without ownership, it had no right of control over the terraces and

owed no duty to the girls with respect to the storage of the items that fueled the fire.

Following trial, the trial court rendered judgment for 7,500,000 against Tran in favor of Ly based on the earlier granted summary judgment. The trial also rendered judgment, providing that Ly take nothing from Diem Tran, Tran Diem Thuy, and the Association. The court dismissed Ly's claims against those three defendants with prejudice.

On Ly's request, the trial court filed findings of fact and conclusions of law, which provide as follows:

**A. Findings of Fact**

1. On June 27, 2006, a fire occurred in the Saint Joseph Village condominium complex ("the Complex").

2. The fire occurred in the vicinity of the patio area of units 313 and 315.

3. Diem Tran lived in unit 313.

4. Diem Tran had children's car seats and a refrigerator and a freezer on her patio.

5. On the day of the fire, Nga Ly had taken her two daughters. Ashley and Tiffany, to the Complex to drop them off at a babysitting service.

6. The complex's bylaws did not allow the operation of a business in any of the units.

7. Hoa Thi Tran ran the babysitting service out of her unit, 315.

8. Hoa Thi Tran had items on the patio of her unit.

9. Prior to the fire, Hoa Thi Tran left all the children she was caring for in her unit to run an errand. Before leaving, she had locked all the doors and windows to her unit, and she left her 19 year old son in charge.

10. Hoa Thi Tran did not return until after the fire was extinguished.

11. The fire was started by unknown children on the patio. The fire department does not know if an accelerant was used.

12. The fire took the lives of three individuals, including Ashley Ly Truong and Tiffany Ly Truong.

13. No arrests were made in this case.

14. This Court granted summary judgment against Hoa Thi Tran for $7.5 million on October 21, 2011.

**B. Conclusions of Law**

15. The units' patios are within the private property of each unit owner/occupant. The patios are not common areas.

16. Hoa Thi Tran owed a duty of care to Plaintiffs. Hoa thi Tran breached that duty. Plaintiffs sustained damages due to the breach of Hoa Thi Tran's duty.

17. Saint Joseph Condominium Association, Inc. did not breach any duties owed to Plaintiffs, who were licensees to the Complex.

18. Diem Tran did not breach any duties that were owed to Plaintiffs.

Ly appeals the portion of the trial court's judgment rendering a take-nothing judgment against the Association and dismissing her claims with prejudice against

6

it. Ly presents one issue in which she challenges the legal and factual sufficiency of the evidence to support the trial court's judgment.

## Sufficiency of the Evidence

### A.    Standards of Review

The legal and factual sufficiency standards of review for jury findings apply to a trial court's express and implied findings of fact. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). "When a party attacks the legal sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). We must first examine the record for evidence that a reasonable fact-finder would credit as supporting the finding while ignoring all evidence to the contrary unless a reasonable fact-finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Dow Chem.*, 46 S.W.3d at 241. "If there is no evidence to support the finding, [we] will then examine the entire record to determine if the contrary proposition is established as a matter of law." *Dow Chem.*, 46 S.W.3d at 241. "The point of error should be sustained only if the contrary proposition is conclusively established." *Id.*

"When a party attacks the factual sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that

7

the adverse finding is against the great weight and preponderance of the evidence." *Id.* at 242. "[We] must consider and weigh all of the evidence, and can set aside a verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust." *Id.* "In doing so, [we] must detail the evidence relevant to the issue and state in what regard the contrary evidence greatly outweighs the evidence in support of the verdict." *Id.* (internal quotation marks omitted).

## B.  Breach of Duty

Under Texas common law, duty is the threshold inquiry in a negligence case. *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). In her brief, Ly points out that "generally, a property owner owes invitees a duty to use ordinary care to reduce or eliminate an unreasonable risk of harm created by a premises condition about which the property owner knew or should have known."[1] *Del Lago Partners v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). Here, the trial court found that "[t]he units' patios are within the private property of each unit

---

[1]  Ly also disputes the trial court's determination that her daughters were licensees. Ly asserts that her daughters were invitees on the property. However, we need not address this issue because it is not determinative of this appeal. Rather, Ly's issue challenging the trial court's determination regarding the Association's duty to Ly's daughters is dispositive.

8

owner/occupant," and "[t]he patios are not common areas." [2] The trial court then concluded that the Association had not breached its duty to Ly's daughters.

Ly challenges the sufficiency of the evidence to support the trial court's determination that the terraces were the private property of the unit owners. She asserts that, instead, the evidence showed that "the fire occurred in an area considered to be a limited common element of the property subject to joint control by the Association and the owner."

To support her assertion that the terraces were controlled by the Association, because they are "limited common elements," Ly first points to the definition of "common elements" and "limited common elements" as provided in the condominium declaration, which was admitted into evidence at trial. Paragraph 1.11 of the declaration defines "Common Elements" to "mean all elements of the project which are subject to undivided co-ownership, that is, the entire Project except the separately owned Apartments." Paragraph 1.12 defines "Limited Common Elements" to "mean the common elements agreed on by the Owners to be reserved for the use of a certain number of Apartments to the exclusion of the other Apartments." The term "Apartment" is defined to "mean an enclosed space, regardless of whether it is designed for residence, for office, for the operation of

---

[2] The trial court made its determination that the Association did not own the terraces as a conclusion of law. However, the determination is more properly characterized as a finding of fact. *See Ray v. Farmer's State Bank*, 576 S.W.2d 607, 608 n.1 (Tex. 1979) (stating trial court's labels not controlling).

any industry, business, or for any type of independence use, provided it has a direct exit to a thoroughfare or to a given common space leading to a thoroughfare."

In addition, Paragraph 2.02 provides, "Each Owner·shall be entitled to the exclusive ownership and possession of his Apartment. Any Apartment may be jointly or commonly owned by more than one person. The boundaries of the Apartment shall be and are the interior surfaces of the perimeter walls, floors, ceiling, *and the exterior surfaces of balconies and terraces. . . .*" (Emphasis added.) We disagree with Ly that these definitions establish that the terraces were not part of the condominium units or "apartments" involved in this case. To the contrary, the language in Paragraph 2.02 indicates that the outer boundary of the condominium units included exterior surfaces of the terraces. Here, the evidence showed that the terraces had a wooden fence around them and that a fence separated the terraces of the two units. Thus, under the definition in paragraph 2.02, the boundary of the condominium units would extend to the outer surface of the fenced-in terrace.

Consistent with this reading, Tran Thuy Diem, owner of Unit 315, testified as follows with regard to ownership of the ground-floor terraces: "The condominium was built—there's a condominium on top of me. It has a balcony and from that if you draw a straight line down and we have a fence there and inside the fence it's the property of each condominium owner." In addition, Anh Ngoc

10

Nguyen, the Association's secretary, who appeared at trial as its representative, testified similarly:

> Q. Now, you had testified before about the area inside the fence on some of these units. What is your understanding of who belongs to that area inside the fence of the units? Is it part of the common area, for instance?
>
> A. That's the responsibility of the owner. Inside the fence, if you draw a straight line from the balcony, from the unit upstairs straight down, then what is inside that fence is the responsibility of the owner.

In her brief, Ly further asserts that, even if the declaration can be read to show that terraces are not part of the limited common elements, but, instead, are part of the privately-owned condominium units, such a reading would conflict with the condominium "Rules and Regulations," which were also admitted into evidence.

Ly points to Rule 2, which provides, "Each Owner shall keep his Apartment, and any balcony or terrace to which he has sole access, in good state of preservation and cleanliness." She asserts that the rule "clearly treats the Apartment itself as separate and distinct form its balcony or terrace"; thus, supporting her position that the terraces are part of the limited common elements. However, the reference to "sole access" in the rule works against this interpretation. If the owner has "sole access" to his terrace, then it does not comport with the definition of "limited common elements," which contemplates use by "a certain number of Apartments."

Lastly, Ly states that "the Rules further provide the Association with the ability to dictate how the balconies and terraces may be used."  Ly specifically cites Rule 20, which provides, "No terrace or balcony shall be enclosed, decorated, landscaped, or covered by any awning or other device without the consent in writing of the Board of Directors or the managing agent."  Although this rule may raise a possible inference that the Association had some limited control over certain aspects of the condominium owner's privately-held property, such as decorating, the rule does not establish that the Association had the requisite control over the terraces to establish the breach of a duty owed by the Association to Ly's daughters.  *Cf. Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002) ("[A] premises-liability defendant may be held liable for a dangerous condition on the property if it 'assum[ed] control over and responsibility for the premises,' even if it did not own or physically occupy the property.").

Applying the standards of review, we conclude that evidence exists in the record to support the trial court's adverse finding that the terraces were not a common element but were privately owned property.  *See Dow Chem.*, 46 S.W.3d at 241 (setting forth sufficiency standards of review when party with burden of proof challenges adverse finding).  Moreover, Ly has not established conclusively that the Association had the requisite control over the terraces to show a duty owed by the Association that was breached.  *See id.* We further conclude that the trial

12

court's adverse finding is not against the great weight and preponderance of the evidence. *See id.* at 242. Thus, we hold that the evidence was legally and factually sufficient to support the judgment.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Huddle.