**Affirmed and Opinion Filed November 7, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01343-CV

**MATT MALOUF, 635 PHILLIPS LIMITED PARTNERSHIP, 635 PHILLIPS ASSOCIATES, LLC, AND MINERVA PARTNERS, Appellants**
**V.**
**STERQUELL PSF SETTLEMENT, L.C., Appellee**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-15-02371**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Reichek, and Carlyle
Opinion by Justice Carlyle

This is a dispute over a business venture's profits. Appellee Sterquell PSF Settlement, L.C. ("Sterquell PSF")[1] asserted claims against appellants[2] for, among other things, breach of fiduciary duty and breach of contract. Following a bench trial, the trial court rendered judgment in Sterquell PSF's favor and awarded it actual and exemplary damages totaling more than $1 million, plus attorney's fees and interest. In seven issues, appellants contend the trial court "applied the wrong agreements, ignored corporate forms, and gave Sterquell PSF legal rights that it does not have." We affirm the trial court's judgment in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

---

[1] The appellate record also describes appellee as "Sterquell PSF Settlement, LLC" and "Sterquell PSF Settlement, LCC."

[2] The appellants in this case are Matt Malouf; 635 Phillips Limited Partnership ("635 LP"); 635 Phillips Associates, LLC ("635 LLC"); and Minerva Partners ("Minerva").

## I. Background

In 1996, Hapsmith Texas Corporation agreed to fund a commercial development project in Irving, Texas, in exchange for the City of Irving's promise to repay qualifying project costs plus a percentage of ad valorem taxes in annual payments over approximately twenty years (the "Reimbursement Agreement"). In 2002, 635 LP, a Texas limited partnership, acquired Hapsmith's interest in the Reimbursement Agreement. 635 LP's general partner was 635 LLC.

In 2008, Malouf and Steve W. Sterquell formed Irving Reimbursement, LLC ("IRLLC") for the sole purpose of acquiring 635 LP's right to receive future payments under the Reimbursement Agreement. At its inception, IRLLC had three members: "Matt Malouf, IRA" owned 45%; Sterquell Profit Sharing Trust (the "Trust") owned 45%; and American Housing Foundation ("AHF"), of which Sterquell was president, owned 10%. Malouf and Sterquell were IRLLC's "managers," with authority to "exercise all [IRLLC's] powers" and "control the business and affairs of [IRLLC]." IRLLC acquired sole ownership of both 635 LP and 635 LLC.[3]

IRLLC financed the acquisition of 635 LP and 635 LLC through a loan from Capital One Bank. All revenues from the Reimbursement Agreement were to be used to repay the Capital One loan until it was fully paid in 2013. Then, the remaining two years' payments under the Reimbursement Agreement were to go to 635 LP.

In 2009, Sterquell died. His creditors and others filed lawsuits against his estate and a bankruptcy proceeding ensued. A group of Sterquell's creditors formed Sterquell PSF to receive and manage assets obtained through settlement proceedings. Pursuant to those proceedings, the Trust assigned Sterquell PSF (1) its 45% interest in IRLLC and (2) "whatever interest" it held in 635 LP.

---

[3] Under the acquisition's terms, (1) IRLLC became 635 LP's sole limited partner, with a 99% interest in 635 LP, and (2) 635 LLC remained 635 LP's general partner with a 1% interest in 635 LP.

Upon Sterquell's death, Malouf became the sole manager of both IRLLC and 635 LLC. He signed and filed IRLLC's 2011 federal income tax return, which stated it was a "final" return and described "distribution" and "transfer" of all of IRLLC's assets during 2011, resulting in total IRLLC assets of "0." Also, Malouf signed 635 LP's tax returns in 2012, 2013, and 2014, all of which listed Sterquell PSF as a 635 LP partner and owner.

The Capital One loan was fully repaid by early 2013. At that point, 635 LP was debt-free, with a cash balance of $115,666.99. In 2014 and 2015, respectively, Irving made payments of $2,285,102.00 and $1,577,092.00 under the Reimbursement Agreement.

Sterquell PSF filed this lawsuit against appellants in March 2015. According to the petition, (1) in 2009, "the charter of [IRLLC] was forfeited for failure to pay franchise tax"; (2) "[s]ince the termination of [IRLLC], 635 LP has identified the members of the terminated entity as the owners and limited partners of the limited partnership"; (3) "[Sterquell PSF] is now a partner of 635 LP with rights that accrue to a limited partner"; (4) 635 LLC, as general partner of 635 LP, has made improper payments totaling $305,000.00 to Minerva, "an entity owned and managed by Matt Malouf"; and (5) in 2015, Malouf made an unauthorized transfer of $2,290,449.65 from 635 LP to his IRA. Sterquell PSF (1) sought a declaration that it was entitled to a share of the 2014 and 2015 Reimbursement Agreement payments; (2) asserted causes of action for breach of fiduciary duty, breach of contract, conversion, theft, and "money had and received"; (3) requested that a "constructive trust"[4] be imposed on the misappropriated assets, and (4) claimed actual and exemplary damages and attorney's fees.[5]

---

[4] In the section of its petition pertaining to "constructive trust," Sterquell PSF asserted in part, "Matt Malouf, while in a fiduciary relationship and a relationship of special trust to [Sterquell PSF], acted fraudulently by misappropriating funds that belonged in part to [Sterquell PSF]."

[5] Under "Damages," the petition stated in part, "The actions of Defendants and injury to Plaintiff result from actual fraud and malice." The petition's stated bases for recovery of attorney's fees included Texas Civil Practice & Remedies Code sections 37.009 and 38.001. *See* TEX. CIV. PRAC. & REM. CODE §§ 37.009 (declaratory judgment), 38.001 (breach of contract).

The defendants filed (1) a general denial answer and (2) a plea to the jurisdiction in which they contended "Sterquell PSF has no limited partner interest in 635 LP" and therefore "lacks standing to bring claims." The trial court denied defendants' plea to the jurisdiction. In February 2016, Malouf paid IRLLC's back taxes and reinstated its charter.

The trial court held a May 2016 bench trial and a later hearing on attorney's fees. The trial court's final judgment awarded Sterquell PSF recovery against Malouf, individually, in the amount of $561,855.05 in actual damages and $500,000.00 in exemplary damages, plus prejudgment interest and attorney's fees. Also, the trial court issued findings of fact and conclusions of law supporting Sterquell PSF's recovery on the grounds of breach of fiduciary duty, breach of the 635 LP partnership agreement, theft, conversion, misappropriation of fiduciary property, and fraud.[6]

---

[6] The trial court's findings of fact and conclusions of law stated in relevant part as follows:

**FINDINGS OF FACT**

. . . .

4. [635 LP] is a limited partnership whose general partner is [635 LLC]. Matt Malouf is the manager of [635 LLC]. Matt Malouf personally performed all management functions of the limited partnership and made all decisions on behalf of the limited partnership.

. . . .

8. [IRLLC] ceased operations in 2009 and its charter, certificate and registration were forfeited by the Texas Secretary of State on December 18, 2009. Matt Malouf, as manager of [IRLLC] decided to terminate the entity and distributed all of its assets to its members at the end of 2011. [IRLLC] filed a final tax return in 2011. Although [IRLLC] was reinstated in 2016, it had ceased to transact business as of 2009 and had no assets at the time of reinstatement. . . . .

. . . .

12. The tax return of [635 LP] for the year 2012 identifies [IRLLC] as a limited partner with a 99% share of profit, loss and capital at the beginning of the year and a 0% share at the end of the year. The 2012 tax return also identifies Sterquell PSF as a limited partner with a 0% share at the beginning of the year and a 50% share at the end of the year. . . .

. . . .

20. Matt Malouf, individually and as manager of [635 LLC], breached Section 7.1, of the Agreement of Limited Partnership of [635 LP] by failing to distribute available cash to the limited partners on a pro-rata basis in accordance with their partnership interests.

21. Matt Malouf, as manager of [635 LLC], owed a fiduciary duty to Sterquell PSF and [AHF] regarding the management of [635 LP]. Matt Malouf and [635 LLC] breached their fiduciary duties to Sterquell PSF by failing to safekeep the partnership funds and employing them in manners that are not for the benefit of the Partnership, by failing to distribute available cash of the limited partnership, by distributing available cash in a manner inconsistent with the Agreement of Limited Partnership, by failing to report to the limited partners and by claiming management fees that are not authorized by the Agreement of Limited Partnership.

22. In 2012 Matt Malouf, as manager of [635 LLC], paid $200,000 to Minerva Partners from [635 LP]. This payment was not authorized by the Agreement of Limited Partnership or the Company Agreement of [IRLLC] and constituted breach of fiduciary duty, theft, conversion and misappropriation of fiduciary property.

23. . . . Matt Malouf, as manager of [635 LLC], . . . paid $105,000 to Minerva Partners from [635 LP] on April 1, 2013. This payment was not authorized by the Agreement of Limited Partnership or the Company Agreement of [IRLLC] and constituted breach of fiduciary duty, theft, conversion and misappropriation of fiduciary property.

24. On March 31, 2014, the City of Irving paid [635 LP] $2,285,102 in partial payment of the reimbursement agreement. . . . Matt Malouf had an obligation under the Agreement of Limited Partnership to distribute the funds to the limited partners on a pro-rata basis in accordance with their partnership interests. Matt Malouf was obligated under the

contract to distribute 45% of the available cash to Sterquell PSF. . . . Matt Malouf breached the contract and breached his fiduciary duty by failing to distribute the funds to the limited partners on or about March 31, 2014.

25. On March 31, 2015, Matt Malouf, as manager of [635 LLC], wired $2,285,102 from [635 LP] to an account at LPL Financial Services owned by Matt Malouf IRA. Matt Malouf IRA is owned and controlled by Matt Malouf. This payment was not authorized by the Agreement of Limited Partnership or the Company Agreement of [IRLLC] and constituted breach of fiduciary duty, theft, conversion and misappropriation of fiduciary property.

. . . .

33. The Court finds by clear and convincing evidence that Matt Malouf committed fraud against Sterquell PSF by failing to disclose a material fact within his knowledge when he misappropriated money and committed theft and conversion as described in paragraphs 21–25. Matt Malouf knew that Sterquell PSF was ignorant of the misappropriation and did not have an equal opportunity to discover the truth. Matt Malouf intended to induce Sterquell PSF to take less than its share of the assets of [635 LP] by failing to disclose the misappropriations. Sterquell PSF suffered injury as a result by not receiving its share of the assets of [635 LP].

34. The Court finds by clear and convincing evidence that Matt Malouf, individually and as manager of [635 LLC], knowingly and intentionally unlawfully misappropriated property of Sterquell PSF on March 31, 2015 with the intent to deprive Sterquell PSF of the property. The Court finds that Matt Malouf acted knowingly with respect to the nature of his conduct and that he was aware that his conduct was reasonably certain to cause injury to Sterquell PSF. The Court further finds that Matt Malouf had the conscious objective and desire to cause injury to Sterquell PSF.

. . . .

38. The Court finds that $561,855.05 would fairly and reasonably compensate Sterquell PSF for the damages it has suffered as a result of the breach of the Agreement of Limited Partnership of [635 LP] by Matt Malouf, individually and as manager of [635 LLC].

39. The Court finds that $561,855.05 would fairly and reasonably compensate Sterquell PSF for the damages it has suffered as a result of the breach of fiduciary duty committed by Matt Malouf, individually and as manager of [635 LLC].

. . . .

42. The Court finds by clear and convincing evidence that the sum of $500,000 should be assessed against Matt Malouf and awarded to Sterquell PSF as exemplary damages for the conduct committed in the management of [635 LP] as found herein. The Court finds that this award is necessary to punish Matt Malouf for the fraud and conversion committed which was done knowingly and with the intent to injure Sterquell PSF. The Court finds the conduct offends a public sense of justice and fair propriety and that the award of punitive damages is necessary to deter similar conduct in the future. The Court finds that an award of $500,000 is necessary to punish Matt Malouf, considering the nature of the wrong and the net worth of the Defendant.

. . . .

64. The Court finds that the evidence submitted by Plaintiff supports recovery for breach of contract, declaratory judgment and under the Texas Theft Liability Act and that the evidence cannot be segregated between causes of action.

## CONCLUSIONS OF LAW

. . . .

4. [IRLLC] transferred all of its assets to its members in 2011 and ceased to be a limited partner of [635 LP].

5. Upon the transfer of the assets of [IRLLC], Sterquell PSF became a limited partner of [635 LP] . . . .

6. Matt Malouf, individually and as manager of [635 LLC], represented to the Internal Revenue Service on tax returns that Sterquell PSF was a limited partner of [635 LP]. . . .

7. Matt Malouf, individually and as manager of [635 LLC], owed a fiduciary duty to Sterquell PSF in the management of [635 LP].

8. Matt Malouf, individually and as manager of [635 LLC], breached his fiduciary duties to Sterquell PSF.

. . . .

11. The Agreement of Limited Partnership of [635 LP] is the controlling document that sets forth the rights and duties of the parties.

12. Matt Malouf, individually and as manager of [635 LLC], breached the Agreement of Limited Partnership of [635 LP] in his management of the limited partnership and his dealings with Sterquell PSF.

13. Sterquell PSF is entitled to recover from Matt Malouf, individually, the sum of $561,855.05 for damages resulting from Malouf's breach of contract, breach of fiduciary duty, conversion, fraud and misappropriation of property.

. . . .

16. Exemplary damages in the amount of $500,000 should be assessed against Matt Malouf, individually, and awarded to Sterquell PSF.

## II. Appellants' issues

When reviewing the sufficiency of the evidence to support the trial court's findings, we apply the same standards of review that apply to a jury's verdict. *See MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 663 n.3 (Tex. 2009) (citing *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994)). When an appellant challenges the legal sufficiency of an adverse finding on which he did not have the burden of proof at trial, he must demonstrate there is no evidence to support the adverse finding. *Wyde v. Francesconi*, 566 S.W.3d 890, 894 (Tex. App.—Dallas 2018, no pet.). In evaluating the legal sufficiency of the evidence to support a finding, we view the evidence in the light favorable to the challenged finding, indulging every reasonable inference supporting it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). The ultimate test is whether the evidence allows reasonable and fair-minded people to reach the finding under review. *See id*. at 827. The evidence is legally insufficient to support the finding if (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Id*. at 810 (quoting Robert W. Calvert, *"No Evidence" & "Insufficient Evidence" Points of Error*, 38 TEX. L. REV. 361 (1960)). We defer to unchallenged findings of fact that are supported by some evidence. *Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 523 (Tex. 2014).

We review a trial court's conclusions of law de novo to determine if the trial court drew the correct legal conclusions from the facts. *See, e.g., Wright Grp. Architects–Planners, P.L.L.C. v. Pierce*, 343 S.W.3d 196, 199 (Tex. App.—Dallas 2011, no pet.). We must uphold conclusions of law if any legal theory supported by the evidence sustains the judgment. *Wyde*, 566 S.W.3d at 895. We will not reverse a trial court's judgment based on an incorrect legal conclusion if the

controlling findings of fact support the judgment on a correct legal theory. *Id.*; *Anderton v. Green*, 555 S.W.3d 361, 371 (Tex. App.—Dallas 2018, no pet.).

A. Sterquell PSF's "standing"

Issues of standing and capacity are questions of law, which are reviewed de novo. *Douglas-Peters v. Cho, Choe & Holen, P.C.*, No. 05-15-01538-CV, 2017 WL 836848, at *9 (Tex. App.—Dallas Mar. 3, 2017, no pet.) (mem. op.). Although the question of whether a party is entitled to sue on a contract is often informally referred to as a question of "standing," it is not truly a standing issue because it does not affect the jurisdiction of the court. *Fitness Evolution, L.P. v. Headhunter Fitness, L.L.C.*, No. 05-13-00506-CV, 2015 WL 6750047, at *14 (Tex. App.—Dallas Nov. 4, 2015, no pet.) (mem. op. on reh'g). "Texas law is clear that a challenge to a party's privity of contract is a challenge to capacity, not standing," and is merits-based. *Highland Credit Opportunities CDO, L.P. v. UBS AG*, 451 S.W.3d 508, 515 (Tex. App.—Dallas 2014, no pet.); *accord Fitness Evolution*, 2015 WL 6750047, at *14. Unlike standing, a challenge to a party's capacity to participate in a suit can be waived. *Douglas-Peters*, 2017 WL 836848, at *9 (citing *Highland Credit*, 451 S.W.3d at 516); *see also* TEX. R. CIV. P. 93(5) (requiring that "[a] denial of partnership as alleged in any pleading" must be verified by affidavit). Also, capacity may be tried by consent. *Douglas-Peters*, 2017 WL 836848, at *9.

In their first and third issues, appellants assert the trial court erred by concluding Sterquell PSF is a partner in 635 LP and thus has "standing" to assert claims for breach of contract and breach of fiduciary duty regarding Malouf's management of 635 LLC and 635 LP.[7] Sterquell PSF

---

[7] According to appellants,

> [T]he trial court . . . held that [IRLLC] "transferred all of its assets," including its 635 LP partnership interest, to its members. To reach this conclusion, the trial court relied exclusively on erroneous tax returns that misidentified the partners of 635 LP. Factually, no asset transfer agreement or assignment—or any other evidence—showed that [IRLLC] transferred any assets, including its partnership interest to anyone. Legally, it is irrelevant under both state and federal law that certain of 635 LP's tax returns identify Sterquell PSF as a partner because the contents of a tax return cannot change or affect the parties' legal relationships.
> . . . .

argues (1) "Malouf's failure to deny [Sterquell PSF's] partnership status under oath [pursuant to rule 93(5)] resulted in his admission of the existence of a partnership which could not be controverted at trial," and (2) "[a]lternatively, the record *does* include sufficient probative evidence from which the fact-finder could reasonably infer that Malouf had unanimous consent of all partners to effectuate the transfer."

To the extent Sterquell PSF contends appellants waived their right to challenge to Sterquell PSF's status as a 635 LP partner, we disagree. Although appellants did not file a rule 93 verified "denial of partnership," the record shows Sterquell PSF did not assert their "admission" argument below. *See Highland Credit*, 451 S.W.3d at 516. Rather, Sterquell PSF's claimed status as a 635 LP partner was a primary focus of both sides' arguments at trial. On this record, we conclude capacity was tried by consent. *See id.* at 517 ("[W]here capacity was clearly litigated, albeit mischaracterized as standing, we are reluctant to conclude that the issue has not been preserved for our review.").

The trial court found in part (1) "[635 LP] is a limited partnership whose general partner is [635 LLC]"; (2) "Malouf is the manager of [635 LLC]" and "personally performed all management functions of the limited partnership and made all decisions on behalf of the limited partnership"; (3) "Malouf, as manager of [IRLLC] decided to terminate the entity and distributed all of its assets to its members at the end of 2011"; (4) "[t]he tax return of [635 LP] for the year 2012 identifies [IRLLC] as a limited partner with a 99% share of profit, loss and capital at the beginning of the year and a 0% share at the end of the year"; and (5) "[t]he 2012 tax return also identifies Sterquell PSF as a limited partner." In its conclusions of law, the trial court stated in part (1) "[IRLLC]

---

Finally, the 635 LP partnership agreement itself forecloses Sterquell PSF from being a limited partner. The agreement has specific requirements for admission of new limited partners. Any "substitute limited partner" must obtain unanimous consent of the partners, which "may be withheld or granted in the sole discretion of the Partners." Under the Business Organizations Code, Sterquell PSF is not a partner, as a matter of law, unless it complied with this provision. There is no evidence that 635 LP's partners unanimously consented to Sterquell PSF's admission.

transferred all of its assets to its members in 2011" and (2) "[u]pon the transfer of the assets of [IRLLC], Sterquell PSF became a limited partner of [635 LP]."

In a legal sufficiency evaluation, we view the evidence in the light favorable to the challenged finding and indulge every reasonable inference supporting it. *City of Keller*, 168 S.W.3d at 822. The record shows Malouf (1) fully controlled IRLLC and 635 LLC, the general partner of 635 LP; (2) signed IRLLC's 2011 federal income tax return, which stated it was a "final" return and described "distribution" and "transfer" of all of IRLLC's assets during 2011, resulting in total IRLLC assets of "0"; and (3) signed 635 LP's tax returns in 2012, 2013, and 2014, all of which listed Sterquell PSF as a 635 LP partner and owner. Additionally, at trial, (1) Malouf testified 635 LP's 2011 tax accountant was Mike Carter; (2) Sterquell PSF introduced into evidence a handwritten note on Carter's file copy of 635 LP's 2011 tax return that stated "Per T/C w/Matt, Irving Reimbursement transferred its 99% interest to Matt Malouf IRA (49%) and Sterquell PSF Settlement, LC (50%)"; and (3) Malouf testified he does not "deny telling [Carter] that."

In light of that evidence, appellants' arguments that the record contains no "asset transfer agreement or assignment" and that "the contents of a tax return cannot change or affect the parties' legal relationships" are immaterial. The evidence described above allows for reasonable inferences that Malouf, acting within his authority as manager of both IRLLC and 635 LLC, (1) directed the transfer of a portion of IRLLC's interest in 635 LP to Sterquell PSF and (2) obtained unanimous consent of 635 LP's partners—which were fully controlled by him—to make Sterquell PSF a "substitute limited partner" in 635 LP. *See id*.[8]

---

[8] Appellants contend this case is analogous to *OAIC Commercial Assets, L.L.C. v. Stonegate Village, L.P.*, 234 S.W.3d 726 (Tex. App.—Dallas 2007, pet. denied), in which this court concluded no fiduciary duty existed where the plaintiff produced no evidence it held a partnership interest in the entity in question. Unlike this case, OAIC did not involve entities fully controlled by a single individual who told his accountant that partnership interests had been transferred to the plaintiff and then signed tax returns listing the plaintiff as a partner of the partnership. *See id*. at 743–44.

On this record, we conclude the evidence is legally sufficient to support the trial court's findings that Sterquell PSF is a partner in 635 LP and therefore could properly assert claims for breach of contract and breach of fiduciary duty regarding Malouf's management of 635 LLC and 635 LP. *See City of Keller*, 168 S.W.3d at 822.

B. Exemplary damages and attorney's fees

In their sixth and seventh issues, appellants contend the trial court erred by awarding Sterquell PSF exemplary damages and attorney's fees. According to appellants, this court should "vacate" those awards because (1) the trial court erred by concluding Malouf is liable for breach of fiduciary duty, civil theft, and conversion, and therefore "there is no legal basis for Sterquell PSF's recovery of exemplary damages," and (2) Sterquell PSF's attorney's fees were awarded "pursuant [to] Texas Civil Practice and Remedies Code §§ 37.009 (declaratory judgment), 38.001 (breach of contract), and 134.005 (civil theft)," and "the trial court's rulings on declaratory judgment, breach of contract, and civil theft are all subject to reversal." "Recovery against a breaching fiduciary is not limited to an accounting of profits received by the fiduciary, but can also include exemplary damages." *Manges v. Guerra*, 673 S.W.2d 180, 184 (Tex. 1984); *see also* TEX. CIV. PRAC. & REM. CODE § 41.003.

The trial court found

- "the sum of $500,000 should be assessed against Matt Malouf and awarded to Sterquell PSF as exemplary damages for the conduct committed in the management of [635 LP] as found herein" and

- "an award of $500,000 is necessary to punish Matt Malouf, considering the nature of the wrong and the net worth of the Defendant"

and concluded

- "Exemplary damages in the amount of $500,000 should be assessed against Matt Malouf, individually, and awarded to Sterquell PSF."

Other than their contention that there "is no legal basis for Sterquell PSF's recovery of exemplary damages," appellants do not explain how the exemplary damage award is improper.

–10–

We conclude above that appellants' sole basis for challenging liability for breach of fiduciary duty—lack of capacity—is without merit,[9] and disagree with their contention that there is "no legal basis" for exemplary damages. *See Home Comfortable Supplies, Inc. v. Cooper*, 544 S.W.3d 899, 906–07 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (affirming exemplary damage award in case involving multiple claims where, although it was unclear how trial court calculated those damages, trial court was not requested to link those damages to specific cause of action and breach of fiduciary duty was supported by record).

Additionally, appellants assert a related argument in their fifth issue, contending the trial court "erred in finding that Malouf committed fraud." *See* CIV. PRAC. & REM. § 41.003(a) (allowing for recovery of exemplary damages only when harm results from fraud, malice, or gross negligence). According to appellants, (1) Sterquell PSF "did not plead fraud"; (2) "[a] trial court cannot enter judgment on a theory of recovery not sufficiently set forth in the pleadings or otherwise tried by consent"; and (3) the trial court's finding of fraud is "unnecessary to the trial court's rulings on the claims Sterquell PSF *did* assert" and "should not stand."

Sterquell PSF's petition alleged in part, "Malouf, while in a fiduciary relationship and a relationship of special trust to [Sterquell PSF], acted fraudulently by misappropriating funds that belonged in part to [Sterquell PSF]," and "[t]he actions of Defendants and injury to Plaintiff result from actual fraud and malice." Thus, Sterquell PSF pleaded that Malouf breached fiduciary duties while acting fraudulently. Appellants do not address or explain how those allegations were not "sufficiently set forth." Further, appellants do not explain how fraud findings were "unnecessary" in this case. *See id*.

---

[9] Appellants' challenge on appeal regarding liability for breach of fiduciary duty is based solely on their "standing" arguments addressed above. Appellants do not otherwise challenge the trial court's findings of fact and conclusions of law regarding Malouf's liability for breach of fiduciary duty.

As to attorney's fees, the trial court (1) found that the evidence "supports recovery for breach of contract, declaratory judgment and under the Texas Theft Liability Act" and "cannot be segregated between causes of action," and (2) concluded Sterquell PSF was entitled to attorney's fees "for services rendered in the trial of this case." Other than their contention that "the trial court's rulings on declaratory judgment, breach of contract, and civil theft are all subject to reversal," appellants do not explain how the attorney's fees award is improper. Again, based on our conclusion above that appellants' sole basis for challenging liability for breach of contract—lack of capacity—is without merit,[10] we disagree with their contention that there is no basis for awarding attorney's fees. *See* CIV. PRAC. & REM. § 38.001 (allowing for attorney's fees recovery if claim is for "an oral or written contract").

## III. Conclusion

We decide against appellants on their first, third, fifth, sixth, and seventh issues. Because our resolution of those issues provides a basis for the trial court's judgment independent of appellants' two remaining issues,[11] we need not reach those remaining issues. *See Wyde*, 566 S.W.3d at 895; *Anderton*, 555 S.W.3d at 371. We affirm the trial court's judgment.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

171343F.P05

---

[10] Appellants' challenge on appeal regarding liability for breach of contract is based solely on their "standing" arguments addressed above. Appellants do not otherwise challenge the trial court's findings of fact and conclusions of law regarding Malouf's liability for breach of contract.

[11] In their two remaining issues, appellants contend the trial court erred by (1) "concluding that [IRLLC] no longer exists" and (2) "concluding that Sterquell PSF has a possessory interest in the partnership property of 635 LP" and therefore could prevail on its theft and conversion claims.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MATT MALOUF, 635 PHILLIPS
LIMITED PARTNERSHIP, 635 PHILLIPS
ASSOCIATES, LLC, AND MINERVA
PARTNERS, Appellants

No. 05-17-01343-CV      V.

STERQUELL PSF SETTLEMENT, L.C.,
Appellee

On Appeal from the 134th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-15-02371.
Opinion delivered by Justice Carlyle.
Justices Pedersen, III and Reichek
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Sterquell PSF Settlement, L.C. recover its costs of this appeal from appellants Matt Malouf, 635 Phillips Limited Partnership, 635 Phillips Associates, LLC, and Minerva Partners.

Judgment entered this 7th day of November, 2019.