

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00300-CV

———————————————

IN THE MATTER OF THE GUARDIANSHIP OF GERTRUDE M. DELP, AN
INCAPACITATED PERSON

On Appeal from Probate Court No. 2
Tarrant County, Texas
Trial Court No. 2020-GD00190-2-A

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

This case pits brother and sister against each other in a dispute over their elderly mother. After a bench trial involving Robert Kyle Delp's accusations of malfeasance lodged against Dianna Delp Gowdey, the probate court ordered that Dianna[1] be removed as Gertrude ("Trudy") M. Delp's agent under both a healthcare power of attorney and a statutory durable power of attorney and entered conclusions of law that Dianna had breached formal and informal fiduciary duties owed to their mother.

Dianna appeals, arguing that Kyle had not pleaded the existence or breach of an informal fiduciary duty (and that it was not tried by consent); that Kyle lacked standing to challenge Dianna's actions outside her and Trudy's formal fiduciary relationship; and that the evidence was insufficient to establish that Dianna had breached her formal fiduciary duties.

Concluding that sufficient evidence existed to support the probate court's removing Dianna as Trudy's agent under the statutory durable power of attorney,[2] we will affirm.

---

[1]Without meaning any disrespect, for clarity we will refer to the Delp family members by their first names.

[2]Dianna does not complain of her removal as Trudy's agent under the healthcare power of attorney.

## Background

Trudy, who has experienced "progressive mental deterioration . . . consistent with her dementia diagnosis," has five adult children. In June 2019, when she was 84, Trudy executed a statutory durable power of attorney designating her oldest daughter, Linda, as her agent and son Billy as successor agent. At the same time, Trudy appointed Dianna as her agent under a durable power of attorney for healthcare, with daughter Donna as the alternate.

Dianna had been living rent-free in a house that Trudy owned on Maryanna Way in North Richland Hills, Texas, although beginning in roughly March 2020, Dianna moved in with Trudy and cared for her at Trudy's home on Cardinal Lane, also in North Richland Hills. A few months later, Dianna arranged for a mobile notary public's services so that Trudy could execute a quitclaim deed transferring Trudy's interest in the Maryanna Way house to Dianna, a transaction that Adult Protective Services later found to have involved financial exploitation.[3]

Shortly after that transaction, in mid-June 2020 Dianna took her mother to a new attorney, and Trudy signed a new statutory durable power of attorney (the 2020 POA), replacing Linda with Dianna as agent.[4] Thus empowered, in and after June

---

[3]This transaction was the subject of Kyle's claimed informal-fiduciary-duty breach.

[4]The 2019 healthcare power of attorney, under which Dianna was agent, remained unchanged.

2020 Dianna took control of some of Trudy's bank accounts, social-security payments, and credit cards.

In July 2020, Kyle applied to be appointed Trudy's guardian and for ancillary temporary relief designed to keep Dianna from taking any actions concerning the Maryanna Way property—which he pleaded constituted a "significant portion" of Trudy's net worth that Dianna had "taken"—and, broadly speaking, to keep Dianna from accessing Trudy's funds.[5] To support his application for temporary relief, Kyle pleaded that he had "seen evidence that [Dianna] ha[d] taken a valuable asset from [Trudy] being the real property located at . . . Maryanna Way[,] North Richland Hills, Texas[,] and [was] in the process of either disposing of the property or obtaining a home improvement loan or home equity loan against the property."

The probate court denied Kyle's requested injunctive relief against Dianna, and a little over a month later, in September 2020, the same law firm that was representing Trudy in the guardianship proceeding filed an answer on Dianna's behalf in the severed case. An appointed Court Visitor met with Trudy in December 2020 and submitted a report in the guardianship proceeding opining that Trudy was "unable to make medical or financial decisions."

---

[5]The ancillary proceeding, which morphed into this appeal, has been severed from the guardianship matter, which remained pending when the probate court issued the appealed-from judgment.

4

After being hospitalized for a fall at the end of April 2021 and again for several falls in June 2021, Trudy ultimately moved to a nursing home. At the March 2022 trial, Dianna testified to her "intent for [Trudy] to stay [there] until she either recovers or passes away."[6]

In November 2021, Kyle amended his ancillary proceeding to seek a declaration that Trudy had lacked capacity to sign the 2020 POA, so that the earlier POA naming Linda as agent was controlling. Based on Dianna's alleged breach of fiduciary duties and her neglect of Trudy's health and wellbeing, Kyle also sought to remove Dianna as Trudy's ostensible agent under the 2020 POA and as the named agent under the 2019 healthcare power of attorney.

After a two-day bench trial, the probate court entered its judgment that because Dianna had "breached her fiduciary duty," Dianna was "removed as agent in all powers of attorney for health care and all durable powers of attorney executed by" Trudy. *See* Tex. Est. Code Ann. § 753.001 (empowering probate court to remove agent upon finding breach of fiduciary duties owed to principal). The probate court ordered Dianna to file an accounting of her actions taken under the 2020 POA but denied Kyle's requested declaratory relief.

---

[6]Trudy's deteriorating mental condition and dementia suggest that she will not recover, and no trial witness said otherwise.

5

Later-entered fact findings recited several facts relating to Dianna's breach of her formal fiduciary duty as agent under the 2020 POA, which Dianna's third issue challenges as being legally insufficient; we will discuss that issue first.[7]

**Discussion**

Dianna does not dispute that an agent under a statutory durable power of attorney owes formal fiduciary duties to her principal and can be removed for a breach of those duties.[8] *See id.* §§ 751.101, 752.051, 753.001. Among them are the duties to act in good faith, to avoid conflicts, and to act loyally, which prohibits a fiduciary from using her position to benefit at the principal's expense—that is, an agent must not engage in self-dealing. *Tex. Bank & Tr. Co. v. Moore*, 595 S.W.2d 502, 508–09 (Tex. 1980). Because all transactions between a fiduciary and her principal are presumptively fraudulent, the fiduciary bears the burden to establish the validity and fairness of any particular transaction in which she is involved. *E.g.*, *id.* at 507 (noting that "once a fiduciary or confidential relationship is established, a presumption arises that a gift from the principal to the fiduciary is unfair and invalid" and holding that

---

[7]Because—as we hold—Dianna did not challenge one of the formal-breach fact-findings that has sufficient evidentiary support, we can affirm the probate court's judgment on that basis alone without needing to reach Dianna's first and second issues, both of which concern the Maryanna Way house and informal-breach issues.

[8]Kyle, as an "interested person" under the Estates Code, had undisputed standing to seek Dianna's removal as Trudy's agent. *See* Tex. Est. Code Ann. §§ 753.001, 1002.018. Dianna argues that Kyle lacked standing to pursue claims for breach of an *informal* fiduciary duty, but our disposition of her third issue makes that challenge moot.

"the presumptive unfairness and invalidity of the transactions in question st[oo]d unrebutted in any respect by" the defendant fiduciary); *Jurgens v. Martin*, 631 S.W.3d 385, 411 (Tex. App.—Eastland 2021, no pet.); *Lesikar v. Rappeport*, 33 S.W.3d 282, 298 (Tex. App.—Texarkana 2000, pets. denied).

Dianna correctly notes that when a party attacks the legal sufficiency[9] of an adverse finding on an issue on which the party had the burden of proof—here, to show the fairness and validity of her transactions with Trudy, her principal—the party must demonstrate on appeal that the evidence establishes as a matter of law all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001); *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). In reviewing a "matter of law" challenge, we must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Dow Chem. Co.*, 46 S.W.3d at 241. If no evidence supports the finding, we will then examine the entire record to determine if the contrary position is established as a matter of law. *Id.* We will sustain the issue only if the contrary position is conclusively established. *Id.* Evidence conclusively establishes a fact when it leaves "no room for ordinary minds to differ as

---

[9]Although Dianna mentions the terms "insufficient evidence" and "against the weight of the evidence," Dianna did not adequately brief factual insufficiency. *See* Tex. R. App. P. 38.1(i) (requiring "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *O'Neal v. Dale*, No. 02-20-00173-CV, 2021 WL 210848, at *8 (Tex. App.—Fort Worth Jan. 21, 2021, no pet.) (mem. op.). Even if she had, though, we overrule her third issue based on an unchallenged finding that has evidentiary support, as we will explain.

to the conclusion to be drawn from it." *Int'l Bus. Machs. Corp. v. Lufkin Indus., LLC*, 573 S.W.3d 224, 235 (Tex. 2019).

A trial court's findings of fact have the same force and dignity as a jury's answers to jury questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). As with jury findings, a trial court's fact-findings on disputed issues are not conclusive, and, when the appellate record contains a reporter's record, an appellant may challenge those findings for evidentiary sufficiency. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994); *Super Ventures, Inc. v. Chaudhry*, 501 S.W.3d 121, 126 (Tex. App.—Fort Worth 2016, no pet.). We review the sufficiency of the evidence supporting challenged findings using the same standards that we apply to jury findings. *Catalina*, 881 S.W.2d at 297.

Dianna challenges the evidentiary sufficiency to support the following findings:

- "Dianna used Trudy's credit cards and funds to benefit Dianna."

- "Dianna had little knowledge as to the issues with the Maryanna House, the insurance lawsuit[,] and settlement. The alleged damage occurred when Dianna was living rent free in the Maryanna House. When there was a water pipe break, no claim was filed."

- "When questioned about the Wells Fargo account, Dianna did not know what several checks were written to pay for (or if actually for the benefit of Trudy)."

- "Dianna stated the account was used to pay the Petroleum Club account, but admitted Trudy could not go to the Club."

- "Dianna hired the law firm of Whitaker, Chalk, Swindle & Schwartz, PLLC ('Whitaker Chalk') to represent Trudy and Dianna in defending the Guardianship Application brought by Kyle. Dianna caused in excess of $60,000.00 to be paid to Whitaker Chalk to defend Trudy when the law firm

8

was also defending Dianna. There was no delineation between the services rendered by the law firm for Dianna versus the services rendered for Trudy. Dianna only contributed $1500.00 of her own funds to pay Whitaker Chalk for representing Dianna and Trudy (the rest of the bills were paid from Trudy's funds)."

- "Many checks contained Trudy's signature, but the other writing as to the date, payee, and amount were not in Trudy's handwriting."

If even one of these findings that underlie Dianna's claimed fiduciary-duty breach enjoys sufficient evidentiary support, the probate court could have properly removed her as Trudy's agent under the 2020 POA. *See* Tex. Est. Code Ann. § 753.001(d)(1) (authorizing agent's removal upon finding that agent "has breached the . . . agent's fiduciary duties to the principal," without requiring specific number or type of breach); *cf.*, *e.g.*, *Hrdy v. Second St. Props. LLC*, 649 S.W.3d 522, 563 (Tex. App.—Houston [1st Dist.] 2022, pet. filed) ("A party who alleges multiple breaches of fiduciary duty . . . but secures relief on just one is still a prevailing party because there is but one main issue, which is breach of fiduciary duty, not the individual breaches alleged.").[10]

But we need not get into the evidence supporting these findings because Dianna's appeal fails for a more fundamental reason: she has not challenged the probate court's additional finding that "Dianna continued to reside in Trudy's home

---

[10]Looked at a different way, a fiduciary is not entitled to the equivalent of the so-called "one bite" rule. *See Marshall v. Ranne*, 511 S.W.2d 255, 257–58 (Tex. 1974) (establishing that animal owner is not liable for animal's biting someone unless owner knew of earlier biting incident or of animal's propensity toward aggression).

rent free and without paying any of the expenses for the upkeep and maintenance of the home."

Unchallenged fact-findings are entitled to the same weight as a jury's verdict and bind an appellate court unless either the contrary is established as a matter of law or no evidence supports the finding. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986); *Inimitable Grp., L.P. v. Westwood Grp. Dev. II, Ltd.*, 264 S.W.3d 892, 902 & n.4 (Tex. App.—Fort Worth 2008, no pet.). In other words, we defer to unchallenged fact-findings that are supported by some evidence. *Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 523 (Tex. 2014).

The evidence showed that after Trudy moved to a nursing home in June 2021, Dianna was using Trudy's money to pay the utilities at the Cardinal Lane home. Because the Maryanna Way property was "not habitable," Dianna was still living in Trudy's house and testified that she intended for her mother to keep paying the utilities.[11] The evidence also showed that in addition to the utilities, Dianna continued to use Trudy's money to pay for lawncare and pool servicing at Cardinal Lane.

---

[11]The October 2021 statement from National Bank of Texas, another of Trudy's checking accounts, showed a payment to TXU Energy of some $600 for utilities at the Cardinal Lane house; the next month, the TXU payment was over $350, despite Dianna's claim that she "really work[ed] hard to keep all of the utilities down to -- next to nothing."

After becoming Trudy's agent under the 2020 POA, Dianna had opened that National Bank of Texas account as a right-of-survivorship account, although Dianna testified, "I believe that [right of survivorship] probably is in there, but, of course, that was not my intent. It's for her."

The probate court's unchallenged finding that Dianna continued to live on Cardinal Lane "rent free and without paying any of the expenses for the upkeep and maintenance of the home" is supported by some evidence. On this basis alone the probate court could have removed Dianna as Trudy's agent under the 2020 POA, unless Dianna established that these expenditures were fair to Trudy. *See* Tex. Est. Code Ann. § 753.001. We have reviewed the record and find no point at which Dianna, a fiduciary, brought forth evidence of fairness to Trudy, her principal. *See Jordan v. Lyles*, 455 S.W.3d 785, 792 (Tex. App.—Tyler 2015, no pet.) (op. on reh'g) ("Even in the case of a gift between parties with a fiduciary relationship, equity indulges the presumption of unfairness and invalidity, and requires proof at the hand of the party claiming validity of the transaction that it is fair and reasonable.").

We thus overrule Dianna's third issue without needing to reach her first and second issues. *See* Tex. R. App. P. 47.1.

## Conclusion

Having overruled Dianna's third issue, which is dispositive of her appeal, we affirm the probate court's judgment removing her as Trudy's agent based on Dianna's breach of fiduciary duty.

11

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: May 25, 2023